### SARAH MORAN vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

No litigant can be deprived of the right to support his cause by the introduction of evidence tending to prove all facts within the proper allegations of his pleadings upon which issue has been joined, provided they are relevant, material and competent and not repetitious or merely surplusage.

After the compensation commissioner had heard evidence that an employee of the defendant, whose duties consisted of cleaning the ashpits of engines many of which were used in interstate commerce, had suddenly died while leaving the defendant's yard at the close of the day's work, he ruled that the deceased was then employed in interstate commerce and dismissed the claim for want of jurisdiction, declining to receive further proof offered by the plaintiff that she was a dependent of the deceased and that he died from an injury arising out of and in the course of his employment. *Held:*

1. That the commissioner erred in refusing to permit the plaintiff to establish these essential and fundamental elements of her claim to compensation, especially in view of the possibility that her right to obtain a review of the Federal question by the Supreme Court of the United States might be defeated if that tribunal should dismiss her appeal because of the absence of these necessary facts in the record.

2. That, until the commissioner had heard the plaintiff's evidence that the injury arose out of and in the course of the employment, he could have no adequate basis for determining whether the deceased was then employed in interstate commerce.

Argued January 27th—decided February 28th, 1928.

APPEAL by the plaintiff from a finding and award of the compensation commissioner for the third district in favor of the defendant, taken to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the plaintiff appealed. *Error and cause remanded with direction.*

*John G. Confrey,* with whom, on the brief, were *Robert J. Woodruff* and *John Henry Sheehan,* for the appellant (plaintiff).

*Edward R. Brumley,* for the appellee (defendant).

WHEELER, C. J.   The commissioner found that Patrick Mulanphy, the deceased, had been for several years prior to November 30th, 1925, in the employ of defendant.   On this day, when leaving defendant's yard after his day's work was done, he died.   The deceased employee was employed in cleaning ashpits on engines which came into the railroad yard to be supplied with coal and water, their fires raked out and ashpits cleaned and made ready to go out for service as needed.   The fires were not drawn in these engines, but they were kept constantly ready for duty, many of them being in use in interstate commerce.

The defendant claimed that the commissioner was without jurisdiction as the deceased was employed in interstate commerce. The commissioner sustained this claim. The claimant offered evidence before the commissioner tending to show that the deceased died from an injury arising out of and in the course of his employment, and that the claimant was a dependent of the deceased, but the commissioner refused to hear such evidence. The claimant claimed before the commissioner that the deceased at the time of his death having finished his duties in interstate commerce, and having died on the premises of the defendant from the effects of exertion while leaving these premises, was then engaged in work which was not in interstate commerce, but the commissioner overruled the claim, holding that he was without jurisdiction as the deceased was employed in interstate commerce. On appeal the Superior Court held that, by whatever method the deceased left defendant's premises after his day's work, his leaving was an incident to his regular employment, and did not constitute an engagement in any other employment, and therefore he was at this time engaged in interstate commerce. We shall not now attempt to consider this point, which the commissioner and trial court held to be decisive of the case.

The plaintiff was entitled to show that she was a dependent of the deceased; otherwise her claim must fail, though the facts of record made it apparent that the deceased was not engaged in interstate commerce. "The Compensation Act does not contemplate support for any save the dependent." *Blanton* v. *Wheeler & Howes Co.,* 91 Conn. 226, 231, 99 Atl. 494. The plaintiff was also entitled to offer all relevant, material and competent evidence tending to prove that the deceased died from an injury arising out of and in the course of his employment; otherwise her claim must fail,

though the facts of record showed that he was engaged in intrastate commerce. General Statutes, §5341. The plaintiff would have the right to appeal from a judgment of this court which held that the deceased was engaged in interstate commerce to the Supreme Court of the United States. If the record did not show that his injury did arise out of and in the course of his employment that court might properly dismiss the appeal upon one or both of these grounds, without considering the question of whether deceased was at the time of his death engaged in interstate commerce. The result would be that the plaintiff would be denied her constitutional right to have adjudicated the Federal question involved. No litigant can be deprived of his right to support his cause by the introduction of evidence tending to prove all facts within the proper allegations of his pleading and upon which issue has been joined, provided they are relevant, material and competent and not repetitious or merely surplusage. This is a principle of our law of as universal obligation as the principle "that before the rights of an individual can be bound by judicial sentence, he shall have notice . . . of the proceedings against him." *Dorrance* v. *Raynsford,* 67 Conn. 1, 8, 34 Atl. 706. Our law gave the plaintiff the right to introduce evidence of those relevant and material facts which logically tended to prove the issues involved and was not excluded by some rule of law. *Plumb* v. *Curtis,* 66 Conn. 155, 166, 33 Atl. 998.

The commissioner was in error in refusing to hear the evidence of plaintiff in reference to these two fundamental allegations of every claim for an award under the Compensation Act, and also in reaching a determination that the deceased was engaged in interstate commerce at the time of his death before the claimant had been given an opportunity to present the

essential elements of her case, and all of the admissible facts relative to whether the deceased was engaged in interstate commerce. The commissioner had jurisdiction of this action unless its subject-matter brought the case within interstate commerce. That could not appear until the evidence was all in, opportunity given the parties to be fairly heard upon the issues involved, and thereafter the commissioner had determined upon the facts proven that the subject-matter was within interstate commerce, and hence outside his jurisdiction.

The commissioner did not have, so far as the record discloses, any adequate basis for determining whether the decedent's injury occurred while he was, or was not, engaged in interstate commerce. The facts which would establish that the injury to decedent arose out of and in the course of his employment were necessarily relevant and material to the issue of whether he was engaged in interstate commerce.

There is error, the cause is remanded to the Superior Court with direction to sustain the appeal upon reason of appeal three, and to remand the case to the commissioner with direction to hear all admissible evidence offered by the plaintiff upon the subjects referred to in 7 (a) and 7 (d) of the finding, and thereupon to make his finding and award.

In this opinion the other judges concurred.