EDWARD PLODZYK *vs.* THE CONNECTICUT COKE COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and JENNINGS, Js.

Argued January 3d—decided February 21st, 1933.

*Jacob Caplan,* for the appellant (plaintiff).

*Samuel Campner,* for the appellee (defendant).

BANKS, J. The plaintiff was employed by the defendant as a machine attendant in its coke screening department. He claimed that on December 11th or 12th, 1930, while in the course of his employment, he received a blow on his head and face from a falling piece of coke, and that as a result he became, on January 21st, 1931, and ever since has been, completely incapacitated. The commissioner found that the plaintiff's claim that he was struck by a piece of coke was not proven, and, further, that the condition, diagnosed as Sluder's neuralgia, from which he was suffering, preceded his employment by the defendant, and was not caused or aggravated by any accidental injury connected with it.

The plaintiff filed a motion to correct the finding of the commissioner and annexed thereto a "draft-finding" containing, in addition to a statement of facts which it sought to have the commissioner find, a statement of rulings upon evidence made by the commissioner which he claimed to be erroneous, and of his claims of law respecting the judgment to be rendered. The plaintiff seems to have misconceived the character of the procedure before the commissioner and upon appeal from his finding and award to the Superior Court. The Compensation Act (General Statutes,

§ 5250) provides: "He [the commissioner] shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but may make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of this chapter." "Its procedure contemplates a speedy investigation and hearing by a commissioner, without the formalities of a court and without, as a general rule, the employment of an attorney. . . . He proceeds to hearing without pleadings and without regard to the ordinary rules of evidence." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 147, 149, 93 Atl. 245. It is seldom, if ever, that a ruling on evidence by a commissioner can be made the subject of appeal. While the provisions of the Act would neither justify an award based solely on incompetent evidence (*Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646, 649, 120 Atl. 288) nor justify the commissioner in refusing to hear evidence in support of the essential elements of the plaintiff's claim (*Moran* v. *New York, N. H. & H. R. Co.*, 107 Conn. 454, 457, 140 Atl. 818), they do not contemplate the procedure for a review of his rulings upon evidence adopted by the plaintiff. Since the commissioner is not bound by the ordinary rules of evidence, he is not of course required to make a finding setting forth his rulings upon evidence for the purpose of an appeal, as in the case of appeals from the Superior Court, and the trial court properly disregarded the claimed errors in rulings on evidence set forth in the "draft-finding."

The finding of the commissioner was concise to a degree, and the Superior Court corrected it by adding twenty-seven paragraphs of the plaintiff's "draft-finding," which gave in greater detail the facts as to his alleged injury, and the condition which he claimed

incapacitated him from work. From the finding as thus corrected the following facts appear: The plaintiff was employed by the defendant from September, 1929, to January 20th, 1931, and worked steadily, not losing a single day during that period. He worked nights as a machine attendant where belts carry coke to the screens and the air is charged with coke dust. On the night of December 11th, 1930, he received a severe blow on the right side of his head and face from a piece of coke weighing about three pounds, which fell upon him from a height of about fifteen feet. After being given first aid treatment, the plaintiff returned to his work, and continued on his job until he was discharged on January 20th, 1931. A week or ten days after his injury the plaintiff complained of pain, and was taken by the defendant to two physicians, who diagnosed his ailment as neuralgia, but neither of whom prescribed any medical treatment. After he was discharged the plaintiff went to a number of doctors and dentists to obtain relief from the pain from which he was suffering, but without success. On May 19th, 1931, he was admitted to the New Haven Hospital for treatment, at which time he was suffering from an atypical type of neuralgia. At the time of the hearing the plaintiff was suffering from a condition in the right antrum or cheek bone, the exact nature of which is unascertained. This condition could be caused by being struck by a piece of coke. The plaintiff had all his teeth extracted between April and July, 1930.

The evidence does not justify any correction of the finding other than those made by the trial court. In fact it does not justify a number of those made, including the material finding that the plaintiff was struck by a piece of falling coke, which was the injury upon which the plaintiff's claim for compensation was

based. This was not an admitted or undisputed fact. The commissioner found to the contrary upon conflicting evidence.

However, the corrections of the finding leave undisturbed the finding of the commissioner that the neuralgia from which the plaintiff was suffering preceded his employment by the defendant, and was not caused or aggravated by any accidental injury connected with it. This is decisive of the case, adversely to the plaintiff's contention, unless it were found without evidence or, in so far as it is a conclusion from the subordinate facts found, is inconsistent with such facts. The finding that the condition of the plaintiff's antrum could have been caused by being struck by a piece of coke is not inconsistent with the conclusion that it was not in fact so caused, and the other subordinate facts found tend to support that conclusion. There was evidence that the plaintiff complained of facial neuralgia several months before he was struck by the piece of coke, during which time he had all his teeth out, and that the neuralgia was probably caused by infection which came from his impaired teeth, and that it was not probable that it was caused by a blow or that a blow would affect it. This evidence supports the finding of the commissioner that the plaintiff's neuralgia was not caused or aggravated by the blow from the piece of coke.

The claim now made that the plaintiff was suffering from an occupational disease arising out of his employment finds no support in the facts found.

There is no error.

In this opinion the other judges concurred.