NORBERT W. ST. MARTIN, ADMINISTRATOR (ESTATE OF PHYLLIS SEATON) *v.* MANCHESTER RADIOLOGISTS, INC., ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 156113

Memorandum filed July 25, 1968

*Alexander A. Goldfarb,* of Hartford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the named defendant and the defendant Dr. Snyder.

*Adinolfi, Kelly & Spellacy,* of Hartford, for the defendant Dr. Thomas.

*Regnier, Moller & Taylor,* of Hartford, for the defendant Dr. Walden.

*Frank E. Dully,* of Hartford, for the defendant Dr. Sundquist.

GRILLO, J.   This malpractice action is instituted against several physicians and a radiological center by the plaintiff administrator, who seeks damages predicated on the claim that the death of his decedent was caused by the negligence of the defendants. The defendant Dr. Robert Walden now seeks by motion to obtain the names and reports of physicians whom the plaintiff proposes to call at the trial, which motion is resisted by the plaintiff.   One of the grounds of objection is based on General Statutes § 52-159a (Public Acts 1967, No. 702), which provides: "In any civil action for malpractice, the plaintiff shall not be compelled to disclose the names and addresses of his expert witnesses or any reports received from such witnesses."   The defendant Walden contends that this act violates the provision of the fourteenth amendment to the constitution of the United States which prohibits the states from denying to any person the equal protection of the laws.   This provision has been equated with that of article first, § 1, of the constitution of Connecticut, providing that "no man, or set of men are entitled to exclusive public emoluments or privileges from the community." *Lyman* v. *Adorno,* 133 Conn. 511, 515.   In the absence of the statute § 52-159a, the court by virtue of § 52-197 of the General Statutes and the rules pertaining to pretrial discovery (Practice Book §§ 167-175) promulgated there-

under could entertain the defendant's motion. Therefore, if § 52-159a stands the test of constitutionality, the inquiry of the court ends.

It is elementary that the question of classification is for the legislature and the courts will not interfere unless the classification is clearly unreasonable. *Second National Bank of New Haven* v. *Loftus,* 121 Conn. 454, 460. Clear also is the fact that notwithstanding article fifth, § 1, of the constitution of Connecticut, providing that the judicial power of the state shall be vested in a supreme court, a superior court and inferior courts, the General Assembly still possesses that inherent and plenary power which enables it to prevent all things hurtful to the comfort and welfare of society. *Woodruff* v. *New York & N.E.R. Co.,* 59 Conn. 63, 83. Legislation, even though it is within the police power, may, however, be lacking in constitutionality if it deals differently with different classes without the existence of some natural and substantial difference between those within the class included and those whom it leaves untouched. *State* v. *Hurliman,* 143 Conn. 502, 505. The classification must not be arbitrary or unreasonable. *Silver* v. *Silver,* 108 Conn. 371. Before a court can interfere, it must be able to say that there is no fair reason for the law which would not require with equal force its extension to others whom it leaves untouched. *Sanger* v. *Bridgeport,* 124 Conn. 183, 189. Patently clear reasons for limiting the disclosure of certain reports appear in several statutes: General Statutes § 17-47a (records on child care institutions); § 52-146a (psychiatrist-patient communications).

The purpose of the bill (1967 Public Act No. 702; S.B. 10039) recites that it seeks to obviate difficulties a plaintiff will have in obtaining an expert witness to testify if he is forced to disclose the name

of the expert. The legislator presenting the bill to the house of representatives stated: "Simply this bill provides that in any action for malpractice . . . the person who brings the action when he hires an expert who in this type of action must be a person from the same profession as the one who is accused of the wrongdoing will not be required to disclose the name and address or the report of the person that he will hire as said witness; it's a good bill and it ought to pass." 12 H.R. Proc., pt. 9, 1967 Sess., p. 4423 (remarks by Representative Richard J. Duda, 58th district). We take judicial notice of the transcript of legislative proceedings and, of course, accord to the General Assembly the utmost confidence that the statements are made in good faith. *Bird* v. *Plunkett,* 139 Conn. 491, 504; *Lyman* v. *Adorno,* supra, 518.

The burden of proof relative to the claim of unconstitutionality rests with the defendant so averring; *Calve Bros. Co.* v. *Norwalk,* 143 Conn. 609, 618; and the necessity for or wisdom of a legislative enactment is a question beyond the judicial realm. *Winslow* v. *Zoning Board,* 143 Conn. 381, 391.

At the outset it is noted that the defendant's contentions are based on the assumption that the act applies to physicians alone as a class. (It is conceded that during argument the court also inadvertently made a similar assumption since the protesting defendant is a physician.) If that were so, we would have grave doubts as to the constitutionality of the act. The act, however, applies to all defendants in malpractice actions involving defendants pursuing the same professions or, indeed, occupations (using that term in contradistinction to professions), as the plaintiffs' experts. This would include a multitude of pursuits. See Words & Phrases, "Malpractice." The position in which the defendant finds

himself applies to all belonging to his class—defendants in malpractice litigation pursuing a calling similar to that of the plaintiffs' experts. The medical profession is not alone singled out. This represents a proper classification—defendant litigants different from those who are sued by plaintiffs whose experts are not members of the same profession as the defendants. The difference is substantial and germane to the purpose of the legislation as enunciated by the legislature. There is no fair reason why the act should apply to all defendants in civil actions. The act thus meets the historical tests of constitutionality in all respects relative to the protestations set forth in the defendant's brief.

There is one element in the application of this act, however, which causes concern to the court but with reference to which we are not now called upon to render a decision. As stated hereinbefore, the statute was designed to preclude the difficulty a plaintiff would encounter in obtaining an expert to testify if his name were given pretrial disclosure. Even, however, after the appearance of that expert as a witness at the trial and, of course, the revealing of his name, the court under the all-embracing scope of this statute would be powerless, after motion by a defendant, to order his adversary or counsel to produce to the court the report of the plaintiff's expert even though the report might be relevant to contradict the expert or for other purposes. *Banks* v. *Connecticut Ry. & Lighting Co.,* 79 Conn. 116, 119. This result would contravene the principle of law of universal application that no litigant can be deprived of his right to support his cause by the introduction of evidence tending to prove all facts within the proper allegations of his pleading and upon which issue has been joined, provided they are relevant, material and competent and not repetitious or merely surplusage. *Moran* v. *New York,*

*N.H. & H.R. Co.,* 107 Conn. 454, 457. The statute must be tested by its operation and effect, and if the General Assembly might have acted inadvertently that fact would not give any additional validity to the law. *Carroll* v. *Socony-Vacuum Oil Co.,* 136 Conn. 49, 63. Parenthetically, it is to be noted that the contingency with which we are concerned has been met in § 52-146a with relation to privileged communications between psychiatrist and patient. Once the patient introduces his mental condition as part of his claim, the privilege vanishes.

Even if, however, we entertain some doubt as to the constitutionality of the statute when considered in its application to a potential situation as stated above, this is of little aid to this defendant at this time since he now has no standing to complain about it, his complaint herein being referable to pretrial discovery. A statute may operate in a manner consistent with constitutional requirements when applied to one set of circumstances, although as to another it may produce a result which makes its operation unconstitutional. *State* v. *Sul,* 146 Conn. 78, 81.

The plaintiff's objection to the motion of the defendant Walden is sustained.