GEORGE FENGAR *vs.* CHARLES H. BROWN AND WIFE.

New London Co., Oct. T., 1888.    PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

In a suit to recover possession of real estate the defendant, who was a
sister of the plaintiff, claimed that he agreed to allow her to occupy
the premises during her life, on condition that she would take care
of their mother during her life; and that upon this agreement she and
her husband had removed from Long Island, where they lived with his
father, and had gone into the occupancy of the premises, and had there
taken care of her mother while she lived. She testified to these facts,
and was then asked by her counsel—"What arrangement had your
husband made with his father as to remaining on Long Island, which
was afterwards brought to the plaintiff's notice ?" Held to be inad-
missible as irrelevant.

*E* testified as a witness to a certain matter which she had heard and to
another matter of which she had personal knowledge. The judge in
his charge said—"Hearsay evidence, such as that of *E*, is of no value."
Held that, as the judge did not state what part of her testimony was to
be disregarded as hearsay, and spoke of her testimony generally, the
jury might have been misled into a disregard of all her testimony, and
that it was error.

A record of a former suit by the defendant against the plaintiff was in-
troduced in evidence by the plaintiff for the purpose of showing that
she then made a different claim as to his agreement from that now
made. The judge in his charge said—"The record has been admitted
in evidence, and you will take it and from an examination determine
what claims were made in that case and just what the decision of the
court was upon them." Held that, as the judgment in that case had
no relation to the present suit and the record was admissible only to
show that the defendant claimed a different agreement from the one
now claimed, the judge should have called the attention of the jury to
what the record did prove, and that it was error to commit the matter
to the jury in the way in which it was done.

The judge said in his charge—"If the defendant offers but one witness to
prove her claimed contract, and this is denied by the plaintiff, and
there are no other circumstances and no other evidence to sustain her
testimony, then she has failed to make out her case by a preponderance
of evidence." Held to be error.

If the jury believe the statement of a single witness, there is no rule of law
forbidding them to found their verdict upon it, though the witness may
stand alone and his testimony be opposed to that of others.

The case of *Lillibridge* v. *Barber*, 55 Conn. R., 366, remarked upon and
distinguished.

[Argued October 16th, 1888—decided January 4th, 1889.]

ACTION to recover possession of real estate; brought to the Court of Common Pleas in New London County, and tried to the jury before *Deming, J.* Verdict for the plaintiff, and appeal by the defendants. The case is sufficiently stated in the opinion.

*H. A. Hull*, for the appellants.

*S. Park* and *W. C. Noyes*, for the appellee.

BEARDSLEY, J. This is an action to recover possession of real estate in New London. The case was tried to a jury before the Court of Common Pleas for New London County. The verdict and judgment were for the plaintiff, and the defendants appeal.

The defendants' first answer was a denial of the allegations of the complaint; the second was as follows:

1. That on or about the first day of September, 1872, the plaintiff agreed with the defendant, Louisa Brown, to allow her the use and possession of the premises described in the plaintiff's complaint, during her lifetime, on consideration that she should care for and attend upon his mother, Fanny Mason, as long as she, said Fanny, should live, which she, said Louisa did, and so performed all of said agreement on her part to be performed.

2. That on or about said day, said Louisa Brown entered into the possession of said premises, and has ever since occupied the same, under and by virtue of said agreement, and is so in possession at the present time.

Upon the trial the defendants claimed to have proved that prior to 1872 they were living on Long Island, with the father of Charles H. Brown, one of the defendants; that Fanny Mason, the mother of the plaintiff and also of the defendant Louisa M. Brown, was living in New London upon premises owned by the plaintiff, and was sick, requiring constant care; and that in the spring of 1877 an agreement was made between the defendant Louisa M. and the plaintiff, by which she was to remove to New London and take care of

their mother as long as she should live, and the plaintiff, in consideration thereof, was to give her the life use of the premises in question. The defendants claimed to have proved that pursuant to this agreement they moved to New London in the fall of 1872, and that Louisa M. Brown took care of her mother from that time until her death in 1877.

The plaintiff denied the existence of any such agreement, and claimed to have proved that the only contract between himself and the defendants, or either of them, in relation to the premises, was that they should pay rent monthly, while they occupied them.

Upon the trial the defendant Louisa M. Brown testified as follows:—" We lived at father Brown's, on Long Island, before we came to New London. My husband's father gave my husband one half of the farm if he stayed and lived with him. We stayed and lived with him until mother Brown died, and then my husband left." The witness was then asked:—" What arrangement had your husband made with his father as to his remaining on Long Island, which was afterwards brought to Fengar's notice ? " To this question the plaintiff objected; the court excluded the question and the defendant duly excepted. The witness was then asked: —" Did Fengar in this conversation speak of the possession of the Mason property by you, and, if so, what did he say ? " To this question the plaintiff objected, on the ground that no conversation had been shown which referred to the Mason property, and further that the question was irrelevant and immaterial. The court excluded the question, and the defendants duly excepted.

The exclusion by the court of these two questions forms the ground of the defendants' first assignment of error.

The arrangement between the defendant C. H. Brown and his father as to his remaining on Long Island could throw no light upon the question what the contract in question was, and evidence of it was therefore properly excluded.

The second question did not call for irrelevant evidence and the court probably did not exclude it upon that ground. What passed between the plaintiff and Mrs. Brown in rela-

tion to the possession of the Mason property by her was pertinent, and indeed was the main question in the case. But the court properly refused to allow the question to be put in the form in which it was propounded. Up to that point the witness had not only not testified to any conversation between the plaintiff and herself as to the possession of the Mason property by her, but according to the finding had not referred to any conversation between them on any subject. The question therefore "what did the witness say in *this* conversation," so far as appears, did not admit of an answer. By the change of a word or two the question might have been put in a form which would have made it unobjectionable.

Another assignment of error relates to the charge of the court as to the effect to be given to the testimony of one Eunice Bolton, who was a witness upon the trial. The judge in stating to the jury the testimony of witnesses called by the defendants to testify to admissions of the plaintiff, either express or as they claimed implied by his silence when spoken to regarding Mrs. Brown's right to the property in question, said:—"Eunice Bolton also testified for the defendants upon this point. Her testimony is as follows : 'I said, George, why don't you give Louisa the house as you agreed to? He did not make me any answer.' On cross examination this witness said—'I had heard of this agreement. I can't remember that he told me. Louisa Brown told me that he said that he was going to give her the place.' Hearsay evidence, such as that of Eunice Bolton, is of no value in determining a controversy." The only "hearsay evidence" given by Eunice Bolton was her statement of what Mrs. Brown had said to her, and it is probable that the comment of the judge regarding hearsay evidence was intended to apply to that alone. This is not however the obvious construction of the charge. The judge did not distinguish one part of Eunice Bolton's testimony from the rest, and the jury might and naturally would think that he intended to apply the term "hearsay evidence" to all of it which he quoted, and would therefore reject it.

Upon the trial of the case, the plaintiff introduced in evidence the record in a former suit brought by the present defendants against the present plaintiff, setting up the same contract as that set up in the defendants' answer in this case, except that in the former case it was alleged in the complaint that the present plaintiff agreed to convey th property to the present defendants in fee, and praying for a specific performance of that contract. ' That record consisted of the complaint, a temporary injunction, and the judgment of the court denying the petition, upon what ground did not appear. The court charged the jury in relation to the record as follows:—"The defendants do not claim in their pleadings in this case that the plaintiff agreed to give them a deed of this property; they claim the agreement was for a life estate. The record in the former case has been admitted in evidence, and you will take it into the jury room with you, and from an examination you will determine what claims were made in that case, and just what the decision of the court was upon the claims."

The defendants assign this charge as error, and we think properly so. The record referred to contained nothing pertinent to the present case except that the defendants then set up a contract differing from the one which they claimed in this case, and that they admitted the plaintiff's title to the property in question, and was admissible for no other purpose than to make such proof. The court might properly have called the attention of the jury specifically to the evidence furnished by the complaint in the former case as to those matters. The judgment in that case had no relation to the present suit, and there was danger that the jury, in attempting to follow the instructions of the court, and examine it in connection with other parts of the record, to ascertain what claims had been made and what decision had been rendered upon them, might come to a wrong result. Later on in his charge the judge uses expressions which were intended to properly limit the effect of the record as evidence, but taking the whole charge in connection, we are

not satisfied that the jury correctly apprehended the bearing of the record as evidence in the case.

The defendants assign for error that the judge charged the jury as follows:—" The burden is upon the defendants to prove to you that the contract was for Mrs. Brown's life use. If they offer but one witness to prove her claimed contract, and this is denied by the plaintiff, and there are no other circumstances, and no other evidence to sustain the testimony of the defendants, then she has failed to make out her claim by a preponderance of testimony." This part of the charge seems to be inapplicable to the case, as it appears by the comments of the judge upon the testimony of the different witnesses, that there was evidence tending to corroborate that of each of the parties. Besides, we think that it contained an erroneous statement of the law which should govern a jury in weighing evidence. The defendants attempt to justify it by the case of *Lillibridge* v. *Barber*, 55 Conn., 366.

In that case the court below had charged the jury in substance that the testimony of three witnesses outweighed the testimony of one, if the four were equally credible, and this court decided that the charge was not erroneous. There is nothing in the opinion in that case to indicate that if the proposition of the judge had simply been that the testimony of three witnesses outweighed that of one, it would have been sustained by this court. The opinion was based wholly upon the qualifying words "if all are equally credible."

In this case the proposition of the judge was stated without any qualification as to the credibility of the respective witnesses. " Evidence is to be measured by weight and not by tale." If the jury believe the statement of a witness, there is no rule of law forbidding them to found their verdict upon it, though the witness stands alone, and his testimony is opposed to that of others.

There is no foundation for the last assignment of error, that the court erred in charging the jury " that it was for the defendants to prove that Mrs. Brown performed her

part of the contract, as well as to prove the contract itself."
By the answer it was a condition precedent to the alleged
right of Mrs. Brown to the use of the property in question,
that she should take care of her mother during her life, and
hence it was incumbent on the defendants to prove that she
had done so.

There is error and a new trial is granted.

In this opinion the other judges concurred.