CORA E. MARTIN vs. J. K. O. SHERWOOD, RECEIVER, ET AL.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where the facts are alleged from which a legal duty arises, no further
allegation of duty is necessary.

Under Chap. 244 of the Public Acts of 1893 it is the duty of a railroad
company to keep in repair the planking of a bridge over its tracks
which forms part of the highway, regardless of the ownership of
the bridge or as to who placed it upon or over the highway.

The Act of 1893 provides that the municipality in which the bridge is
located shall notify the railroad company in writing of any de-
fect in the bridge. *Held* that whatever effect the failure of the
municipality to give the prescribed notice might have in pro-
ceedings between the railroad company and the town, such failure
did not absolve the company from liability to a traveler on the
highway who was injured by its neglect to keep such bridge in re-
pair.

In an action by such a traveler against the railroad company for its
neglect, the town is not a necessary party.

The defendant, having brought the town into court as a codefendant,
filed a general denial, and also a further answer alleging that the
town was the only party responsible for the condition of the bridge,
and claiming that judgment should be rendered against the town
alone. The plaintiff demurred to the special answer, and the de-
murrer was sustained. The plaintiff then placed the case on the
jury docket. *Held* that the lapse of time since the filing of the
general denial did not debar the plaintiff from putting the case to
the jury, since, until the demurrer was decided, the plaintiff could
not know whether the issues raised by the general denial were the
controlling issues or not.

In an action to recover damages for personal injury, the plaintiff may
testify as to pain suffered by him after the accident and even during
the trial.

To prove the pain resulting from an injury, such complaints of pain as
are the natural expressions of present suffering are admissible,
but not mere narrations of past suffering, nor descriptions and
assertions of present suffering.

A question whether the plaintiff complained of pain, and the answer
that "she complained of pain, more or less," were objected to on
the ground that the evidence was a declaration in her own favor.
*Held* that this objection was properly overruled. If the defendant
had desired to have the testimony limited to such complaints as

were admissible under the rule above stated, his objection should have been such as to fairly indicate that claim to the court.

Submitted on briefs January 8th—decided March 5th, 1902.

ACTION to recover damages for personal injuries claimed to have been caused by a defective highway bridge over a railroad track, brought to the Superior Court in Litchfield County where the demurrer of the town of Winchester to the receiver's cross-complaint was sustained (*George W. Wheeler, J.*), and the issues between the other parties were tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff to recover $500 damages of the receiver, and judgment for the town to recover its costs of the receiver, and appeal by the latter for alleged errors in the rulings and charge of the court. *No error.*

The complaint in this action, which was made returnable on the first Tuesday of March, 1899, alleges, among other things, that on October 4th, 1898, the defendant receiver, " failed and neglected to maintain and keep in repair a bridge and structure in said town of Winchester . . . where the highway known as ' Torringford Road ' crosses over the then Philadelphia, Reading & New England Railroad Company's tracks ; and that by reason of the negligence of the defendant, the said bridge and structure became and then was defective, in that the surface of said bridge and structure was poorly and imperfectly planked and floored, and planked and floored with such thin, decayed, and worn out plank and flooring as to be unsafe ; " that plaintiff's horse broke through the planks forming the surface of the roadbed and bridge, and that plaintiff was thereby thrown from her carriage and injured.

The defendant receiver demurred to the complaint, upon the grounds that it contained no allegation that the town of Winchester ever gave the defendant notice in writing of any defect in said bridge, and no allegation that it was the duty of the defendant to keep in repair the planking or surface material upon said bridge, or that defendant owned the

bridge, or that defendant legally placed said bridge or structure on said highway. The court overruled this demurrer.

The town of Winchester having been made a codefendant, upon motion of the receiver, the court denied the receiver's motion that the plaintiff be required to amend her complaint, and held that it was the duty of the receiver to allege, by way of answer or counterclaim, such facts as would show that the town was a necessary party to the action. The receiver on the 6th of February, 1900, filed an answer denying the principal allegations of the complaint, and a further answer alleging that the town of Winchester had full charge of all roads and bridges within its limits, and was bound to build and keep the same in repair; that it was the duty of the town to watch the surface of the bridge and to notify the defendant in writing of any defects therein; that the town before the accident had full knowledge that the planking was defective, but failed to give the defendant written notice of such defect; that by reason of such negligence the defendant had been sued by the plaintiff; that the alleged injury to the plaintiff was not caused by any negligence of the defendant receiver, but was wholly due to the negligence of the town in failing to give the required notice of such defect; that the defendant had always been ready to repair said planking when duly notified that it was defective; that the plaintiff on December 1st, 1898, had given notice to the town of the time, place, and nature of her injuries and the cause thereof, and of her intention to claim damages therefor. The answer asked that judgment should be rendered against the town of Winchester for such injury as plaintiff should be found to have sustained, and in favor of said receiver for costs.

To this answer the town of Winchester demurred, upon the grounds, substantially, that the failure of the town to give the railroad company written notice of the defect in the bridge did not absolve the railroad company or its receiver from liability to the plaintiff; that the facts alleged in the complaint failed to show any liability, or that the plaintiff claimed any liability, on the part of the town; and that no

facts were alleged in the pleadings showing that it was necessary that said town be made a party defendant.

The court sustained this demurrer on the 13th of July, 1900, and on the 19th of July the plaintiff caused the case to be placed upon the jury docket. The defendant receiver moved to have the case stricken from the jury docket, which motion was denied. The court did not order the case placed upon the jury list.

Upon the trial, one of the selectmen of the town of Winchester, who had testified that in the summer of 1898, he, at three different times, spiked planks over holes in the bridge, was permitted, against the objection of the defendant, to testify that about two weeks before the accident he verbally notified the defendant's station agent of the defective condition of the planking on the bridge.

The plaintiff's mother having testified that she saw plaintiff on the night of the accident and two or three times a week afterwards, was asked, against defendant's objection "that the evidence was a declaration of the plaintiff in her own favor," whether she complained of pain. The witness answered that she complained of pain more or less.

Two other witnesses who had testified that the plaintiff carried her arm in a sling for two or three months after the accident, were permitted, against the same objection of defendant, to testify that at various times during that period she complained of pain in her arm that was injured.

The plaintiff in her own behalf testified that her arm continued to pain her for a long time; that it pained her at the time of the trial; that when she swept, her arm tired easily, and that she had to stop and rest it, and that her arm pained her very much at times. To this evidence the defendant objected, upon the ground that " there was no claim for any permanent injury," nor for damages except up to the time of bringing the suit.

The defendant requested the court to charge the jury " that in order to make the defendant liable for the injuries sustained by the plaintiff it was the duty of the town of

Winchester to have given written notice to the defendant of any defects in said bridge." The court did not so charge.

*Wellington B. Smith* and *Frank B. Munn*, for the appellant (Sherwood, receiver).

*Richard T. Higgins, James Huntington* and *Arthur D. Warner*, for the appellee (plaintiff).

*Samuel A. Herman*, for the appellee (Town of Winchester).

HALL, J. The demurrer to the complaint was properly overruled. The complaint alleges that the accident was caused by the fact that, through the negligence of the defendant in failing to maintain and keep in repair a bridge or structure over the tracks of the defendant's railroad in the town of Winchester, the planking upon the surface of the bridge was so worn out and decayed as to be dangerous to public travel.

Section 2673 of the General Statutes provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; . . . and when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor."

Chapter 244 of the Public Acts of 1893 provides that "it shall be the duty of railroad companies to maintain and keep in repair all structures heretofore or hereafter erected over their tracks at any highway crossing, and the approaches to the crossings when the same are made with plank surface, and also to keep in repair the surface of the highway, including the planking or other surface material of the highway upon such structure, and it shall be the duty of the municipality where such bridge or bridges are located to notify any agent of the railroad company owning such bridge or bridges or structure of any defect in the same, and such notice shall

be in writing." This Act expressly repealed all Acts inconsistent therewith.

The facts showing that it was the defendant's duty, under the Act of 1893, to make the repairs in question, having been set forth in the complaint, no further allegation of duty was necessary; nor was the plaintiff required to allege either that the railroad company owned the bridge, or that the company had placed it upon or over the highway, since the claimed liability of the railroad company, under § 2673, arises entirely from its duty, under the Act of 1893, to keep the surface of the highway upon the bridge in repair, and such duty does not depend either upon the defendant's ownership of the bridge, or upon the fact that it was placed upon the highway by the defendant's company.

It was also unnecessary for the plaintiff to allege that the town of Winchester had given written notice to an agent of the company of the defect complained of.

We understand the claim of the receiver, as made by demurrer, objection to evidence, and requests to charge, to be that the giving of such notice by the municipality is, by the Act of 1893, made a condition precedent to any liability upon the part of the railroad company to a person injured by means of a defect in such bridge; that although the Act expressly provides that it shall be the duty of the railroad company to make these repairs, and although all inconsistent Acts are expressly repealed, the effect of the provision, making it the duty of the municipality to give notice of any defect in the bridge, is to wholly relieve the railroad company from the duty of making the repairs until such notice has been given, and to absolve the company from all liability for injuries caused by defects of which the company had not received such written notice, the sole duty to make the repairs and the sole liability for injuries remaining in the meantime upon the municipality.

Whatever effect the failure of the municipality to give written notice to the agent of the railroad company of the defect in question might have in proceedings between the company and the town, the giving of such notice by the town

is not a condition precedent to the right of the plaintiff to maintain this action against the railroad company. The Act neither expressly nor impliedly states, at least so far as the rights of third parties are concerned, that the duty of the railroad company to keep such bridges in repair shall not begin until written notice of some defect has been given by the municipality. As to this plaintiff it was the duty of the railroad company to keep the bridge in repair, although no written notice had been given by the town of the defect complained of, and therefore § 2673 gives to the plaintiff a right of action against the railroad company for injuries sustained by reason of its negligent failure to perform that duty.

It is unnecessary to decide whether the town was also liable to the plaintiff, or whether, by failing to give the required notice, the town has become liable to the railroad company; since in neither case is the company thereby absolved from liability to this plaintiff.

As neither the plaintiff nor the town of Winchester requested the latter to be made a codefendant, and as a complete determination of the questions involved between the plaintiff and the railroad company did not make it necessary that the town should be made a codefendant, the court properly held, in sustaining the demurrer to the answer, that that was no reason for making the town a party.

There was no error in the refusal of the court to strike the case from the jury docket. From the action of the defendant in bringing the town into court, and in alleging in the answer which was demurred to that the town alone was liable, the plaintiff was justified in assuming, until the demurrer was decided, that it was undeterminable whether any issue was joined by the defendant's denial.

The testimony of the plaintiff of her bodily pain after the accident, and even at the time of the trial, was clearly admissible to show the character and extent of the original injury.

Testimony of other witnesses was admissible of such complaints of pain by the plaintiff after the accident as might properly be regarded as expressive of and elicited by existing

feeling.  "An individual receives a wound, and, before his recovery, complains of suffering from it.  His complaint is evidence of his suffering and its degree, because it is the natural language of the feelings which such a cause produces." *State* v. *Dart*, 29 Conn. 153, 155.  But unless the complaints are made to a physician with the view to medical treatment (*Wilson* v. *Granby*, 47 Conn. 59, 76), the proof should be limited, upon proper objection, to such complaints as are the natural and instinctive expressions of present suffering. Evidence is not admissible of complaints which are but narrations of past sufferings (*Rowland* v. *Philadelphia, W. & B. R. Co.*, 63 Conn. 415, 419), or which consist simply of answers to questions, or are merely descriptive statements or assertions of the existence of present suffering (*Williams* v. *Great Northern Ry. Co.*, 68 Minn. 55, 59; *Keller* v. *Gilman*, 93 Wis. 9), or which, though made to a physician, are with the view of using him as a witness at the trial.  *Darrigan* v. *New York & N. E. R. Co.*, 52 Conn. 285, 309.

The record does not show that the trial court erred in its rulings as to the admissibility of such complaints.  The question to plaintiff's mother, which was objected to, was : " With reference to her complaining of pain when you saw her, whether or not she did ? "  The answer was : " She complained of pain more or less."  The other two witnesses testified that at various times while the plaintiff carried her arm in a sling she complained of pain in her arm.  The objection made to the question asked the first witness, and to the answers of the other two, was " on the ground that the evidence was a declaration in her own favor."  This objection the court overruled.

Since neither the question nor the answers ruled upon indicate the language of the complaints, it cannot be said that the court held that complaints in the nature of narratives, or which were mere descriptive statements of pain, might be proved.  The objection was not to the form of the question, or answers, but apparently to the proof of any complaints of pain.  Had the defendant desired to have the question or answers limited to such complaints as were apparently the

natural expressions of existing pain, his objection should have been in such form as to fairly indicate that claim to the court.

There is no error.

In this opinion the other judges concurred.