WILLIAM KULAK vs. LANDERS, FRARY & CLARK ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 8th—decided December 3d, 1935.

*Millard Bartels,* for the appellants (defendants).

*Morris D. Saxe,* with whom was *Harold J. Eisenberg,* for the appellee (plaintiff).

AVERY, J.   The commissioner found that for some eighteen years prior to January 1st, 1934, the claimant was a brass molder at the plant of Landers, Frary and Clark of New Britain, and that as a result of his occupation he contracted silicosis.   Since January 1st, 1934, he has been partially disabled because of physical disabilities, although he probably can do carefully selected work if he can find it.   The silicosis from which the claimant suffers, however, is not a substantial factor in his present disability.   The Superior Court, upon appeal, corrected the finding to the effect that the silicosis from which the claimant suffers is a substantial factor in causing his permanent disability.

It was not questioned that the claimant was suffering from silicosis and was incapacitated to do any work except possibly light work.   The question before the commissioner was whether or not his disability was caused by the occupational disease of silicosis.   Upon this point, three physicians testified; two were of the opinion that silicosis was a substantial factor in causing the claimant's disability, the third, who was an expert in diseases of the lungs, was of opinion and so testified that it was not a substantial factor in causing the claimant's condition.   The commissioner found in accordance with the testimony of the expert called by the defense and dismissed the case, without prejudice, however, to the claimant later renewing his claim should he be able to prove that he has a real disability because of silicosis.   In the memorandum of decision of the Superior Court, the reason for correcting the finding of the commissioner is stated to be that the

evidence of the two physicians who testified in behalf of the claimant was positive, resting upon subordinate facts, while the opinion of the physician who testified for the respondent was purely negative without reasonable explanation of the subordinate facts. "An opinion of an expert may be unreasonable because the grounds upon which it rests are so unreasonable as to make it an error of law to base a decision upon the opinion." *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 114 Atl. 109. A finding or a conclusion cannot be held to be erroneous merely because it was based upon the testimony or opinion of one witness in opposition to that of several others testifying to the contrary. *Condon* v. *Pomroy-Grace*, 73 Conn. 607, 614, 48 Atl. 756; *Jadovich* v. *Collins Co.*, 109 Conn. 62, 66, 145 Atl. 25. A conclusion reached upon comparison and examination of conflicting professional opinion, by reliance upon one rather than another, can rarely be found erroneous in law in the absence of bad faith. *Driscoll* v. *Jewell Belting Co.*, supra, p. 300.

The expert called by the respondent, upon whose opinion the commissioner relied, gave three reasons why he thought that the silicosis from which the claimant was suffering was not a substantial factor in causing his disability. His reasons, based upon a personal examination of the claimant and observations at that time, were: that the claimant was not suffering from shortness of breath; that the history given him by the claimant and his examination showed severe abdominal pain and tenderness from the beginning of the disability; and, from an examination of X-ray photographs and the personal examination of the claimant, he was of opinion that the degree of silicosis was late first or early second stage and not sufficient to cause disability. This expert testified that he did not have the benefit of a fluoroscopic examination in

forming his opinion as the plaintiff's experts had stated they had. He also stated that he was unable to determine the cause of claimant's disability but was of opinion that silicosis was not a substantial factor in producing it. These circumstances went to the weight to be given to the expert's opinion but did not render the basis of the opinion so unreasonable as to make it an error of law to base a decision upon it. We cannot say that the commissioner could not have reasonably based his conclusion upon the opinion advanced by the respondent's expert. In the conflict of opinion among the professional men as to the cause of the claimant's disability, it was the province of the commissioner to determine the matter, and with his conclusion neither the Superior Court nor this court may interfere. *Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 451, 161 Atl. 860; *Stier* v. *Derby*, 119 Conn. 44, 51, 174 Atl. 332.

There is error; the cause is remanded to the Superior Court with direction to dismiss the appeal.

In this opinion the other judges concurred.