CLYDE CHESLEY ET AL. *v.* FLOYD L. BANKS

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 9—decided October 30, 1947

*DeLancey Pelgrift,* for the appellant (defendant).

*Joseph N. Perelmutter,* for the appellee (plaintiff Mary Chesley).

PER CURIAM. The plaintiff Mary Chesley sued for damages for personal injuries sustained on October 31, 1945, when the defendant negligently caused his automobile to collide head-on with the car in which she was a passenger. Liability was conceded. The jury returned a verdict for her for $6067. The defendant has appealed from the court's denial of his motion to set this aside as excessive, and the sole question is whether the court erred in refusing to do so.

The jury properly could have found that as a result of the accident both of the plaintiff's knees were abrased, her ankles were cut and contused, her left hip, back, left breast and chest were bruised, she received a large bump on her left eye and a cut on her left forehead, she sustained a concussion of the brain, she lost from fifteen to twenty pounds in weight, and when the case was tried in March, 1947, she was still suffering from pain and nervous shock and was unable to walk as she could before the accident. They further could have found that her special damage for loss of wages and for medical treatment was approximately $875.

A further and principal element of damage claimed by the plaintiff was a permanent injury to her left foot. She offered the testimony of an experienced physician and surgeon and of a licensed chiropodist, both duly qualified to read x-ray films of the foot. The gist of their evidence, properly predicated upon the history of the case and x-ray films in evidence, was that the plaintiff had suffered a complete fracture of the scaphoid bone of the left foot, that this will not heal, will impede and cause her pain in

walking, and even when sustained by an arch support will constitute a permanent 10 to about 25 per cent incapacity of the foot. The testimony of an orthopedic surgeon and of a radiologist offered by the defendant, likewise qualified to interpret x-rays, was that those in evidence showed no fracture of the scaphoid bone but rather a congenital deformity referred to as an accessory scaphoid bone, between which and the normal bone there existed an irregularity consisting of bony spurs caused by a chronic irritation consequent upon the close juxtaposition of the two bones, and that therefore there was no evidence of injury to the foot.

As the defendant states in his brief, "the issue presented was whether the condition was a congenital deformity or a fracture." Where this is to be resolved on such conflicting testimony as is presented in this case the rule applicable is clear. "A conclusion reached upon comparison and examination of conflicting professional opinion, by reliance upon one rather than another, can rarely be found erroneous in law in the absence of bad faith." *Kulak* v. *Landers, Frary & Clark*, 120 Conn. 606, 608, 181 A. 720; *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 300, 114 A. 109. No element of bad faith is involved upon this record. The jury's finding upon the issue cannot be disturbed. We cannot say that the total amount of their verdict was such as to warrant interference by the trial court or this court.

There is no error.