ANNE G. PUTNEY *v.* LEHIGH TRUCK EQUIPMENT
CORPORATION

BALDWIN, DALY, KING, MURPHY and ALCORN, Js.

Argued April 3—decided May 7, 1958

*Gregory C. Willis,* for the appellant (defendant).

*Louis M. Altman,* for the appellee (plaintiff).

PER CURIAM. In this action claiming damages for personal injuries sustained in an automobile collision, the plaintiff recovered a verdict of $12,000. Liability was admitted, and the sole error assigned is the court's refusal to set aside the verdict as excessive.

The record leaves much to be desired. For no apparent reason an extensive finding was made. The action of the court on a motion to set aside a verdict is to be tested by the evidence. The finding serves no purpose. Practice Book § 416. Furthermore, the assignment of errors should have been filed with the appeal. Id., § 388; Maltbie, Conn. App. Proc., § 125.

Both parties have printed extensive portions of the testimony as to damages. This imposed a wholly unjustified burden on this court. A narrative statement with a few short selected excerpts from the

testimony would have been the proper procedure. Practice Book § 448.

The evidence was analyzed with more than ordinary care in the memorandum of decision of the trial court denying the defendant's motion to set aside the verdict. It pointed out that over $2000 of the verdict could reasonably be accounted for as compensation for special damages. That the court was applying the correct rule in reaching its decision denying the motion is apparent from the memorandum, which cited *Slabinski* v. *Dix*, 138 Conn. 625, 628, 88 A.2d 115, and *Varley* v. *Motyl*, 139 Conn. 128, 132, 90 A.2d 869. We add that its denial of the motion is entitled to great weight. *Fairbanks* v. *State*, 143 Conn. 653, 660, 124 A.2d 893.

It is unnecessary to enter into a detailed recital of the evidence. The defendant's two main claims will be briefly discussed. The first claim, in effect, was that there was no objective or clinical evidence of the plaintiff's more serious claimed injuries. We know of no rule, nor has the defendant cited authority for any, which excludes, as an element of damage, an injury merely because it is not clinically or objectively demonstrable. That a diagnosis is based solely on subjective complaints often results in a failure by the trier to credit it. Here, however, the verdict indicates that the plaintiff succeeded in her burden of proof and that the jury did credit the diagnosis.

The second main claim is that there was no evidence of a permanent injury proximately caused by the defendant's negligence. On examination by the plaintiff, her physician failed precisely to discriminate, in his choice of language, between mere possibility, reasonable probability and certainty. The court explained that only what was at least reason-

ably probable should be mentioned. Thereupon the witness stated, "Without operation the condition is permanent." This warranted a finding by the jury that the injury referred to was, unless there was operative treatment, permanent. On this evidence it cannot be held that the court abused its discretion in refusing to set aside the verdict. Maltbie, Conn. App. Proc., § 196, p. 242.

There is no error.