ELSIE ZAWISZA *v.* QUALITY NAME PLATE, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

116

Argued October 11—decided December 5, 1961

*Jay W. Jackson,* with whom, on the brief, was *Eugene A. Massey,* for the appellants (defendants).

*Arthur D. Weinstein,* with whom was *Richard A. Schatz,* for the appellee (plaintiff).

MURPHY, J. The defendants have appealed from the judgment of the Superior Court sustaining a finding and award of the workmen's compensation commissioner in favor of the plaintiff. They sought unsuccessfully to correct the paragraphs of the commissioner's finding in which it was found that the plaintiff had been totally disabled and that the disability was causally connected with an injury which she had sustained at her employment. These findings are based on the testimony of a medical expert who was not consulted by the plaintiff for treatment. The defendants objected to his testimony, but it was admitted. The correctness of the ruling is decisive of this appeal, because an award cannot be based on incompetent evidence. *Plodzyk* v. *Connecticut Coke Co.,* 116 Conn. 297, 299, 164 A. 636.

The finding is unusual in its brevity. As commendable as such a practice can be in many instances, it would have been much better in this case if the subordinate facts had been stated in greater detail. The finding simply recites that the plaintiff was employed by the named defendant, that she bumped her head, on April 1, 1957, during the course of the employment and that this accident triggered a previously existing nervous condition to the extent that she was totally disabled after April 22, 1957, and would be so for an indefinite period of time. The award directed the payment of compensation to the plaintiff from April 22, 1957, until her incapacity decreased or ceased, and payment of all reasonable medical expenses. Neither the amount of the plaintiff's average weekly earnings nor the amount of compensation awarded appears in the finding and award.

The transcript of the entire testimony before the commissioner is printed in the record. From it, it appears that two hearings were held, on June 1, 1959, and October 22, 1959. The first witness for the plaintiff was Dr. Louis H. Gold, a specialist in the treatment of nervous and mental diseases. He obtained a history and made a physical and neurological examination of the plaintiff on March 9, 1959. Based principally upon that history, which he related at the hearing, he gave as his opinion that the injury on April 1, 1957, caused a chain of nervous complaints to develop and result in a traumatic neurosis which disabled the plaintiff. Because Dr. Gold had examined the plaintiff only for the purpose of testifying, the defendants objected to the recitation of the history and the opinion based on it. On October 22, 1959, the defendants presented their case. Four physicians who had examined, and

had also treated, the plaintiff since her injury testified, three in person and one by medical report. Dr. Edwin M. Griswold, a general practitioner, was first consulted by the plaintiff on April 5, 1957. She complained of headaches and pain and soreness where she struck her head. An x-ray was negative. Dr. Griswold saw her on three other occasions in April and then referred her to Dr. Rembrandt H. Dunsmore, a psychiatrist, who examined her on two occasions and reported his recommendations to Dr. Griswold. Thereafter, she was sent to two other psychiatrists, Dr. Gustav W. Anderson, who examined her on September 12, 1957, and Dr. James C. Johnson, who saw her on June 27, 1958. She continued as a patient of Dr. Griswold until January 30, 1958. The gist of the conclusions of these four physicians was that the plaintiff complained of symptoms which in their opinion could not be attributed to the accident on April 1, 1957, and that she was not disabled, except that Dr. Griswold thought that concussion symptoms might have lasted for six months. Dr. Johnson stated that the accident was a hook on which the plaintiff was attempting to blame her symptoms.

General Statutes § 31-174 provides that the commissioner in workmen's compensation cases "shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of" the Workmen's Compensation Act. Although we have uniformly held that a finding or conclusion of the commissioner which is based on conflicting medical opinions cannot be disturbed; *Greenberg* v. *Electric Boat Co.,*

142 Conn. 404, 408, 114 A.2d 850; *Marschner* v. *American Hardware Corporation,* 141 Conn. 742, 746, 110 A.2d 461; *Kulak* v. *Landers, Frary & Clark,* 120 Conn. 606, 608, 181 A. 720; and cases cited therein; we have not had occasion to review a finding or conclusion which was based on incompetent medical testimony to which objection was seasonably made. In *Osterlund* v. *State,* 135 Conn. 498, 504, 66 A.2d 363, we stated that, under the liberal rule as to evidence before the commissioner, a letter from the state labor wage board giving the prevailing rate of pay could be accepted by the commissioner as credible evidence in the absence of an objection to its admission as being incompetent.

The opinions of experts may be received and considered in compensation cases in accordance with the rule applicable in other cases generally. 58 Am. Jur. 864, § 446. The weight of authority supports the rule that the opinion of a physician which is based wholly or partly on statements and symptoms related to the physician by the patient on a personal examination is inadmissible where the examination was made for the purpose of qualifying the physician to testify as a medical expert. Notes, 65 A.L.R. 1217, 1219; 51 A.L.R.2d 1051, 1065. The reason for the rule was aptly stated in *Darrigan* v. *New York & N.E.R. Co.,* 52 Conn. 285, 309, in which it was pointed out that if the rule were otherwise, "easy facilities would be furnished for parties to introduce in evidence their own declarations, made out of court, not under oath, and when the temptation to exaggerate, and even to utter untruths, would be pretty strong. Ordinarily when a patient consults a physician with a view to treatment he will state the facts as they are; but, unfortunately, when a party consults a physician preparatory to the trial of his

case simply, his statements are not always reliable." That rule is still sound. *Johnson* v. *Toscano*, 144 Conn. 582, 591, 136 A.2d 341. And we are of the opinion that it applies in compensation cases; otherwise, the substantial rights of the parties could not be best ascertained and the spirit of the compensation act could not be justly carried out.

That has been the determination in other jurisdictions in which the question has been raised. *Murphy* v. *Edgar Zinc Co.*, 128 Kan. 524, 527, 278 P. 764; *Tillman* v. *Stanley Iron Works*, 222 Minn. 421, 426, 24 N.W.2d 903; *National Malleable & Steel Castings Co.* v. *Industrial Commission*, 377 Ill. 169, 176, 36 N.E.2d 249; *Sanitary District* v. *Industrial Commission*, 343 Ill. 236, 245, 175 N.E. 372; *United States Rubber Products Co.* v. *Cannon*, 172 Tenn. 665, 678, 113 S.W.2d 1184; *Republic Underwriters* v. *Lewis*, 106 S.W.2d 1113, 1114 (Tex. Civ. App.); *Traders & General Ins. Co.* v. *Rhodabarger*, 93 S.W.2d 1180, 1183 (Tex. Civ. App.). In *Nashville, C. & St. L. Ry. Co.* v. *York*, 127 F.2d 606, 611 (6th Cir.), it was held that such evidence was inadmissible under the Federal Employers' Liability Act (35 Stat. 65, as amended, 45 U.S.C. §§ 51-59) despite the fact that the physician had treated the patient following the examination.

The commissioner committed an error of law in admitting Dr. Gold's testimony; as a result, the finding and award based on that testimony are erroneous. The finding in paragraph three of the finding and award that the plaintiff was totally disabled and that the disability was causally connected with the injury must be stricken. This conclusion requires a remand to the commissioner for a new finding and award, to be based on the competent evidence introduced at the hearings. Paragraph five

of the finding and award must also be stricken. It consists of comments and opinions of the commissioner concerning matters not before him for decision and has no place in the finding and award. Practice Book § 310.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further action in conformity with this opinion.

In this opinion the other judges concurred.