WILLIAM TOPPS, SR., ET AL. *v.* JAMES MARINO ET AL.

KING, MURPHY, SHEA, ALCORN and SHANNON, JS.

Argued November 9—decided December 19, 1961

*J. Kenneth Bradley,* with whom were *William B. Rush* and, on the brief, *Francis A. Smith, Jr.,* for the appellants (defendants).

*Charles R. Covert,* with whom was *Peter Wilkinson,* for the appellees (plaintiffs).

KING, J. The defendants admitted liability, and the sole claim upon this appeal is that the trial court erred in denying their motion to set aside the verdict as excessive. The jury awarded damages of $450 to the plaintiff William Topps, Sr., for injuries to his automobile, and, for personal injuries, $2000 to the plaintiff William Topps, Jr., $1000 to the plaintiff Orissa Topps, and $3000 to the plaintiff Nancy Ann Topps Molnar. As to William Topps, Sr., the verdict was ordered set aside unless he filed a remittitur in the amount of $118.42. The remittitur was filed, and the award to him, as thus reduced, is not attacked on this appeal.

From the evidence, considered in the light most favorable to the plaintiffs, the jury could find the facts as hereinafter summarized. On November 2, 1954, an automobile owned by William Topps, Sr., was being operated by his son, William Topps, Jr. In the car, as passengers in the front seat, were Orissa Topps, wife of William Topps, Sr., and their thirteen-year-old daughter, Nancy Ann Topps, now

Mrs. Molnar. While the car was standing at an intersection in Milford waiting for two oncoming cars to pass so as to permit the making of a left turn, it was struck from behind by an automobile owned by the defendant James Marino and operated by the defendant Constance Marino. The force of the impact pushed the Topps car forward about fifty feet, considerably damaged the back of the car, and broke the front seat off the frame. The front of the defendants' car was pushed in. The three plaintiffs who were the occupants of the Topps car received various injuries, none of which was very severe.

The defendants' attack on the verdict is twofold. One claim is that the jury were in a reckless mood and were motivated by passion, prejudice and bias against the defendants. This claim is predicated on two incidents arising during the trial. Neither incident supports the claim nor requires discussion.

The second claim, and that most stressed, is that the medical evidence was inadequate to support the verdict as rendered. There was adequate medical testimony by Dr. H. Lyle Stotts, who attended the plaintiffs at the time of the accident, that it was reasonably probable that their injuries, together with the ensuing pain and disability which was claimed by them up until the date he last saw them, resulted from the collision. The plaintiffs did not consult Dr. Stotts after November 19, 1954, and their testimony as to pain and disability subsequent to that time was uncorroborated by medical testimony. The defendants seem to claim that without medical testimony no recovery could be had for any pain or disability suffered after the last visit to Dr. Stotts.

The causal connection between the accident and the original injuries, with their resulting pain and

disability, having been proven, the plaintiffs' testimony that thereafter they continued to suffer intermittently from the injuries was admissible "to show the character and extent of the original injury." *Martin* v. *Sherwood,* 74 Conn. 475, 481, 51 A. 526. The fact that after the outward manifestations of the injuries had disappeared this evidence was necessarily subjective did not make it inadmissible. Ibid. It is important to bear in mind that there was no claim that the injuries were permanent, nor was there any claim for damages for future pain or disability, that is, for pain or disability subsequent to the date of trial in April, 1960. The plaintiffs testified to the intermittent but persistent recurrence of the pain and disability they had experienced at the time of their original injuries. They were not claiming any new elements of pain or disability, elements which they had not suffered originally and which might or might not be causally connected with the injuries. Rather they were claiming that the elements suffered originally had recurred intermittently until the date of the trial. See *Sapiente* v. *Waltuch,* 127 Conn. 224, 227, 15 A.2d 417; *Gannon* v. *S. S. Kresge Co.,* 114 Conn. 36, 38, 157 A. 541. Since this testimony was necessarily largely subjective, it could not have been very strongly corroborated even by medical testimony, although such testimony would have been desirable. See *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 732, 141 A.2d 482. It cannot be said that this testimony could not have been credited by the jury or was inadequate to support a finding that, to the extent testified to by the plaintiffs, they had intermittently suffered recurrences of pain and disability until the time of trial.

The awards were reasonable on a permissible

view of the evidence. Nothing occurred to indicate passion, prejudice or bias on the part of the jury against the defendants. Furthermore, as the charge is not attacked, it is presumed that it was correct, included any proper requests to charge submitted by the defendants, and adequately instructed the jury on the weight to be accorded the testimony of the plaintiffs as to their pain and suffering subsequent to their treatment by Dr. Stotts. *Miner* v. *McKay,* 145 Conn. 622, 623, 145 A.2d 758. The court properly refused to set aside the verdict. *Yandow* v. *Bristol,* 145 Conn. 703, 708, 146 A.2d 409.

There is no error.

In this opinion the other judges concurred.