### Shirley H. Cooke *v.* United Aircraft Corporation et al.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued October 9—decided December 2, 1964

*George A. Downing,* with whom, on the brief, were *John W. Allen* and *Atherton B. Ryan,* for the appellants (defendants).

*William F. Gallagher,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

SHANNON, J. The defendants claim error in the failure of the Superior Court to correct the commissioner's award by overruling the conclusion that the plaintiff is "partially incapacitated to such a degree that there is no work that she can reasonably be expected to perform." It is argued that this conclusion is without legal foundation or support in the subordinate facts. Another assignment of error questions the failure of the commissioner to rule on the contention that the plaintiff's condition was aggravated by nonemployment illnesses.

The principal issue on appeal is whether the commissioner was justified in finding partial incapacity on the basis of the plaintiff's testimony as to her constant pain and stiffness resulting from a "fibrositis syndrome." The testimony of two doctors who had treated the plaintiff from April, 1959, through January, 1961, supported the fact that she had this condition. There was undisputed evidence that an accidental fall of the plaintiff on the premises of her employer, the named defendant, in April, 1959, caused an incapacity which persisted until June, 1959. There is an indication in the evidence that the insurer allowed a claim for this period of disability.

A little more than a year after her original injury and subsequent treatment for muscle strain and muscular pain, and after working with some unrelated interruptions between June, 1959, and July, 1960, the plaintiff again complained of severe pain and stiffness extending throughout most of her right side. She was given some therapy treatment at this time, but, because of her failure to return to her work as an audit clerk in October, 1960, she was discharged for absenteeism in November, 1960.

The defendants do not contest the scope or dura-

tion of the award if the basis for it exists. They contend that the plaintiff's testimony about her inability to work more than one day per week, total, is not "competent evidence" on which the commissioner could have based his conclusion. They do not question the diagnoses of the two doctors that the plaintiff had in fact been, and was, suffering from the "fibrositis syndrome" through August, 1960. They contest, however, the finding that this condition resulted in the plaintiff's "partial incapacity."

In *Zawisza* v. *Quality Name Plate, Inc.,* 149 Conn. 115, 116, 176 A.2d 578, we said that a compensation award "cannot be based on incompetent evidence." The main issue in that case was whether the testimony of a physician who had examined the claimant solely for the purposes of testifying before the compensation commissioner was a qualified expert on whose testimony an award could be based. We held that the opinions of experts were to be received and considered as in "other cases generally" but that "the opinion of a physician which is based wholly or partly on statements and symptoms related to the physician by the patient on a personal examination is inadmissible where the examination was made for the purpose of qualifying the physician to testify as a medical expert." Id., 119; *Martin* v. *Sherwood,* 74 Conn. 475, 482, 51 A. 526. In the case at bar, the testimony of both Dr. Elliott B. Sweet and Dr. Arnold Goldenberg was based on their reports made at the time of consultation and their diagnoses for the treatment of the plaintiff.

Dr. Goldenberg was the first medical expert to testify. He saw the plaintiff on one occasion and diagnosed her condition as fibrositis. In putting his reports before the commissioner, he related extensive examinations that were made upon the

person of the plaintiff which indicated severe tenderness in many areas. Dr. Goldenberg also testified to the description of the plaintiff's discomfort as given to him by the plaintiff. He concluded that, although she was, in his opinion, capable of doing "some type of work," he did feel that there would be "days when she wouldn't be able to go to work." Dr. Sweet followed Dr. Goldenberg to the stand and agreed with his predecessor's characterization of the fibrositis syndrome and in greater detail testified to the symptoms of this condition and his treatment of the plaintiff over a period of eighteen months. With regard to the renewed aggravation of the injury in 1960, Dr. Sweet felt that it was possible that a bronchitis condition, which had plagued the plaintiff for many years and an attack of enteritis in July, 1960, could have been the cause for the reappearance of the fibrositis symptoms after a year of apparent dormancy. Although Dr. Sweet felt that the plaintiff should have been back to work on October 15, 1960, at the conclusion of his testimony he did agree that fibrositis could exist in a chronic state. The conclusion of the commissioner, based on conflicting medical opinions, cannot be disturbed. *Greenberg* v. *Electric Boat Co.,* 142 Conn. 404, 408, 114 A.2d 850; *Marschner* v. *American Hardware Corporation,* 141 Conn. 742, 746, 110 A.2d 461; *Kulak* v. *Landers, Frary & Clark,* 120 Conn. 606, 608, 181 A. 720; *Zawisza* v. *Quality Name Plate, Inc.,* 149 Conn. 115, 118, 176 A.2d 578.

The opinions and testimony of the doctors did not stand alone. The commissioner had the benefit of the plaintiff's testimony, which, in almost every respect, was corroborated by the records and testimony of the doctors. The commissioner was entitled

to credit the plaintiff's testimony even absent the degree of corroboration it had from the expert testimony. See *Topps* v. *Marino,* 149 Conn. 145, 148, 176 A.2d 569. An injury is not excludable as an element of damage "merely because it is not clinically or objectively demonstrable." *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 732, 141 A.2d 482.

The defendants claim, and the doctors agree, that the disabling injury in this case, or the condition which grew out of it, known as the fibrositis syndrome, is not susceptible to a full and objective clinical exposition. That fact, however, does not make the pain, suffering or disablity resulting from the condition any the less real. Here, at least, there was testimony concerning inflammation of the tissues and observed stiffness. Although the observed symptoms of the disability were not as apparent in 1960 as in 1959, there was no direct contradiction of the plaintiff's complaints by either doctor, even if the plaintiff's condition had developed into a psychosomatic one. The commissioner was well within the bounds of his discretion in believing the plaintiff's testimony as to her pain and suffering and her resulting inability to perform work for more than one day a week. Even though a witness may stand alone, the trier is warranted in making an award consistent with the witness' testimony, if believed. *Fengar* v. *Brown,* 57 Conn. 60, 65, 17 A. 321. The weight of the evidence is not determined by the number of witnesses for or against any one proposition. *Dunbar* v. *Jones,* 87 Conn. 253, 259, 87 A. 787.

Since this is a workmen's compensation case, the rules recited above, which have been drawn from opinions in civil personal injury cases, should apply

with equal or greater force in this remedial area of the law. There is an essential distinction between tort and compensation matters which centers on a different view of "fault," but the proof of damage in both should be regarded with equal liberality. Where, as here, the proof of damage in a workmen's compensation case meets the requirements of such proof in a civil personal injury case, an award in favor of the plaintiff, based on such proof, is not erroneous.   General Statutes § 31-298; *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 145, 93 A. 245.

There is no error.

In this opinion the other judges concurred.