MARGARET BROWN ET AL. *v.* ROGER BLAUVELT

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued December 2—decided December 15, 1964

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellants (plaintiffs).

*William P. Aspell,* with whom, on the brief, was *George Muir,* for the appellee (defendant).

KING, C. J. The plaintiff Margaret Brown, a minor, while a passenger in an automobile owned and operated by the defendant, sustained injuries when the car went out of control and left the highway. In the first count, she sued to recover damages for her injuries, and, in the second count, her father, the plaintiff Albert Brown, sued to recover medical expenses incurred by him for Margaret's treatment. Liability was admitted, and the case was tried to the jury on the issue of damages. In their verdict, the jury awarded Margaret damages of $3000 and Albert damages of $578.84. The plaintiffs appealed, the sole assignment of error finally pursued being a ruling on evidence.

Margaret was examined, on behalf of the defend-

ant, by a doctor, solely for the purpose of qualifying him to testify at the trial as a medical expert. He had no intention of treating Margaret, nor did he treat her. He was actually called as a witness by the plaintiffs and over the defendant's objection was allowed to testify as to Margaret's statements to him, on which his opinion was in part based, and also to give his opinion as to the nature and extent of her injuries. The following day the court reversed its ruling, struck out the doctor's opinion and his testimony as to Margaret's statements on which that opinion had been based, and instructed the jury to disregard the stricken evidence.

It is the general rule that an expert's opinion is inadmissible if it is based on hearsay evidence. See cases such as *Vigliotti* v. *Campano,* 104 Conn. 464, 465, 133 A. 579. One exception to this rule, and the only one bearing on this appeal, is the exception which allows a physician to testify to his opinion even though it is based, in whole or in part, on statements made to him by a patient for the purpose of obtaining from him professional medical treatment or advice incidental thereto. And, of course, he may also testify to such statements. *Wilson* v. *Granby,* 47 Conn. 59, 62, 76; *Darrigan* v. *New York & N.E.R. Co.,* 52 Conn. 285, 309; *Martin* v. *Sherwood,* 74 Conn. 475, 482, 51 A. 526; *Gilmore* v. *American Tube & Stamping Co.,* 79 Conn. 498, 504, 66 A. 4; see also *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 732, 141 A.2d 482; *Lupak* v. *Karalekas,* 147 Conn. 432, 434, 162 A.2d 180.

The exception does not apply, however, where the physician is being consulted, not for purposes of advice or treatment, but merely for the purpose of enabling him to give his opinion as a witness.

*Darrigan* v. *New York & N.E.R. Co.,* supra; *Johnson* v. *Toscano,* 144 Conn. 582, 591, 136 A.2d 341; *Zawisza* v. *Quality Name Plate, Inc.,* 149 Conn. 115, 119, 176 A.2d 578. The plaintiffs attempt to distinguish the instant case on the ground that the doctor, although he examined Margaret for the purpose of subsequently testifying, had not been engaged by her but, as she knew at the time of her examination, had been engaged by the defendant for the purpose of testifying as a witness for him.

Most exceptions to the hearsay rule are permitted because it is believed that safeguards are present which at least approach those given by the opportunity for cross-examination existing where hearsay testimony is not involved. See cases such as *Ferguson* v. *Smazer,* 151 Conn. 226, 231, 196 A.2d 432. In the case of the exception we are considering, the safeguard is the patient's desire to recover his health, which it is considered will restrain him from giving inaccurate statements to a physician employed to advise or treat him. *Zawisza* v. *Quality Name Plate, Inc.,* supra (quoting from the *Darrigan* case). This safeguard is lacking where the physician is employed by the injured party merely to testify on his behalf. Ibid. This is none the less true where, as here, the physician is employed by, and merely for the purpose of enabling him to testify for, the injured person's adversary. Indeed, there is an especial incentive to inaccuracy and exaggeration in statements made to a physician under such circumstances. There was no error in the ruling.

There is no error.

In this opinion the other judges concurred.