## LISABETH WEISS v. CHESEBROUGH-PONDS USA COMPANY ET AL.
### (AC 17684)

O'Connell, C. J., and Hennessy and Daly, Js.

Submitted on briefs September 18—officially released November 24, 1998

*Lucas D. Strunk* filed a brief for the appellants (defendants).

*Carolyn A. Comerford* filed a brief for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendant employer, Chesebrough-Ponds USA Company (Chesebrough), and its defendant workers' compensation insurance carrier, Sedgwick James of Connecticut, appeal from the decision of the workers' compensation review board (board) affirming the commissioner's finding and award in favor of the plaintiff, Lisabeth Weiss. On appeal, the

defendants claim that the board improperly affirmed the decision of the commissioner in that the commissioner (1) failed to find the material and necessary facts to support a conclusion of compensability and (2) made an impermissible inference such as to allow a conclusion of compensability to stand. We affirm the board's decision.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiff was employed at Chesebrough from November, 1985, until August, 1986,[1] and then again from April, 1988, until September, 1993. During the plaintiff's first period of employment, she worked as a microfilm operator and an order processor.[2] During her second period of employment, she was an order processor before becoming a customer service representative[3] in April, 1989.

While working as a customer service representative, the plaintiff began experiencing pain in both of her hands. She thereafter filed a claim for workers' compensation benefits, alleging that the repetitive use of keyboards required by her various positions at Chesebrough had caused her to develop bilateral carpal tunnel syndrome. Chesebrough denied that claim and maintained that her injury did not arise out of her employment. On July 24, 1996, the commissioner awarded workers' compensation benefits to the plaintiff and, thereafter, the defendants appealed to the board. On September 23, 1997, the board affirmed the commissioner's decision that the plaintiff's injuries were related to her employment duties at Chesebrough. This appeal followed.

[1] The plaintiff terminated her employment at that time due to pregnancy.

[2] As an order processor, the plaintiff was required to use a keyboard, fax machine and calculator.

[3] As a customer service representative, the plaintiff was required to use a keyboard and calculator.

"As a preliminary matter, it is important to note the precedential value of opinions of the commissioners of the workers' compensation review board. General Statutes § 31-278 sets forth the powers and duties of commissioners. Pursuant to that section, commissioners shall have all powers necessary to enable [them] to perform the duties imposed upon [them] by the provisions of [the Workers' Compensation Act] . . . . The agency's practical construction of the statute, if reasonable, is high evidence of what the law is. . . . We accord great deference to the construction given to [General Statutes § 31-349] by the commissioner and the review division because they are both charged with its enforcement. . . . Furthermore, [o]ur review of an agency's decision on questions of law is limited by the traditional deference that we have accorded to that agency's interpretation of the acts it is charged with enforcing." (Citations omitted; internal quotation marks omitted.) *Fimiani* v. *Star Gallo Distributors, Inc.*, 48 Conn. App. 474, 477–78, 710 A.2d 1374, cert. granted on other grounds, 245 Conn. 912, 718 A.2d 17 (1998).

"At the outset, we must determine the appropriate standard of review when a decision of a commissioner is appealed to the compensation review [board]. A decision of a commissioner granting or denying an award may be appealed to the [board] pursuant to General Statutes [Rev. to 1987] § 31-301 (a), which provides in pertinent part: At any time within ten days after entry of such award by the commissioner . . . either party may appeal therefrom to the [board] . . . . *The compensation review [board] shall hear the appeal on the record of the hearing before the commissioner* . . . .

"It is clear that under General Statutes § 31-301 (a) and § 31-301-8 of the Regulations of Connecticut State Agencies the review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts.

Although the review [board] may take additional material evidence, this is proper only if it is shown to its satisfaction that good reasons exist as to why the evidence was not presented to the commissioner. Otherwise, it is obliged to hear the appeal on the record and not retry the facts." (Emphasis in original; internal quotations marks omitted.) *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 797–98, 669 A.2d 1214 (1996).

I

Chesebrough first claims that the commissioner failed to find the material and necessary facts to support a conclusion of compensability, specifically, the extent of the plaintiff's usage of the keyboard. In the present case, we conclude that there is sufficient evidence in the record[4] to demonstrate that the commissioner did find the material and necessary facts necessary to support a conclusion of compensability.

The commissioner is the trier of fact, and "[t]he conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) Id., 798–99, quoting *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988). While there was conflicting testimony as to how much work the plaintiff actually performed on a keyboard, it is clearly within the commissioner's discretion to choose between conflicting testimony.[5] "It matters not that the basic facts from which the [commissioner] draws this inference are undisputed rather than

---

[4] The record of the hearing before the commissioner considered on appeal consisted of, inter alia, the hearing transcript and the commissioner's finding of facts.

[5] For example, the finding and award reveals that while the plaintiff alleged that her work as an order processor required her to use a keyboard 95 percent of the time, her supervisor, Georgette Ezil, testified that the plaintiff's actual keyboard time was about 10 to 15 percent of her workday.

controverted. . . . It is likewise immaterial that the facts permit the drawing of diverse inferences." (Citation omitted; internal quotation marks omitted.) *Six* v. *Thomas O'Connor & Co.*, supra, 799. A review of the record, in particular, the commissioner's finding and award dated July 24, 1996, reveals that the commissioner specifically found that the plaintiff's position as an order processor involved extensive keyboard usage and that her work as a customer service representative could involve computer keyboard usage.

"Because we are required to afford great deference to the commissioner's conclusion . . . we must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence." Id., 801. The commissioner's conclusion is sustainable by the underlying facts in this case, and we refuse to disturb his conclusion.

II

Chesebrough next claims that the commissioner made an impermissible inference to allow a conclusion of compensability to stand, specifically pertaining to the history provided by the plaintiff to her treating physician, Leon Goldstein. We disagree.

"The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court." (Internal quotation marks omitted.) Id., 799. Furthermore, the trial commissioner is the arbiter of evidentiary credibility. *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 117–18, 411 A.2d 924 (1979). "The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably

drawn from them. . . . This standard clearly applies to conflicting expert medical testimony. It [is] the province of the commissioner to accept the evidence which impress[es] him as being credible and the more weighty. *Stankewicz* v. *Stanley Works*, 139 Conn. 215, 217, 92 A.2d 736 (1952); see *Winzler* v. *United Aircraft Corp.*, 132 Conn. 118, 120, 42 A.2d 655 (1945)." (Citations omitted; internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 353, 715 A.2d 765 (1998).

Furthermore, "[a] workers' compensation award must be based on competent evidence. *Cooke* v. *United Aircraft Corp.*, 152 Conn. 214, 216, 205 A.2d 484 (1964); *Zawisza* v. *Quality Name Plate, Inc.*, 149 Conn. 115, 116, 176 A.2d 578 (1961). In determining whether evidence is competent in such a context, our Supreme Court has held that the opinions of experts [are] to be received and considered as in other cases generally but that the opinion of a physician which is based wholly or partly on statements and symptoms related to the physician by the patient on a personal examination is inadmissible where the examination was made for the purpose of qualifying the physician to testify as a medical expert. . . . *Cooke* v. *United Aircraft Corp.*, supra, 216, quoting *Zawisza* v. *Quality Name Plate, Inc.*, supra, 119." (Internal quotation marks omitted.) *Keenan* v. *Union Camp Corp.*, 49 Conn. App. 280, 284–85, 714 A.2d 60 (1998). In *Cooke,* however, testimony from the medical experts was deemed competent where the experts based their testimony regarding the plaintiff's condition on medical "reports made at the time of consultation and their diagnoses for the treatment of the plaintiff." *Cooke* v. *United Aircraft Corp.*, supra, 216; *Keenan* v. *Union Camp Corp.*, supra, 285.

In the present case, medical experts for both the plaintiff and the defendants agreed that the plaintiff

suffers from bilateral carpal tunnel syndrome. The opinions of the experts differed, however, with regard to the causation of the plaintiff's injury. While Richard Linberg, the defendants' independent medical examiner, testified that it was "medically unlikely" that the plaintiff's carpal tunnel syndrome was caused by her employment at Chesebrough, Goldstein, the plaintiff's treating physician, testified that on the basis of the history of the plaintiff's work activities as described by the plaintiff, the carpal tunnel syndrome was caused by the plaintiff's work activities. A review of the record in this case reveals that the commissioner, in the finding and award, specifically referred to the testimony of both medical experts. Although Goldstein's opinion is at least partly based on the plaintiff's history as related by her to Goldstein, his testimony was competent evidence because he was the plaintiff's treating physician. That testimony supports the commissioner's decision in this case. The commissioner's finding that the plaintiff's injury was caused by the plaintiff's work activities is therefore supported by the evidence.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.