[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE (105) THE SECOND COUNT OF THE PLAINTIFF'S COMPLAINT.
On April 24, 1996, the plaintiff, Justine Roy, fell at the shopping mall known as The Mall at Bristol Centre, and injured herself. Specifically, the plaintiff alleges that she "slipped on an extensive amount of debris (including, without limitation, garbage, pebbles, and sand), which debris was strewn all along the parking lot. . . ." (Pl.'s Cmplt ¶ 4.) As a result of her fall, she suffered serious bodily injuries.
The first named defendant in this action is the owner and lessor of the mall, the Bristol Centre Mall Limited Partnership (Bristol). The remaining two defendants are lessees of Bristol, the Ocean State Job Lot Stores of Ct., Inc., and the Ocean State Jobbers, Inc. The plaintiff's complaint sets forth multiple claims against the defendants, and in particular, the plaintiff alleges claims for nuisance against all three defendants.
Presently before the court is the defendant Bristol's motion to strike the second count of the plaintiff's complaint alleging a claim for nuisance.[1]
CT Page 333
The defendant has moved to strike the second count of the plaintiff's complaint alleging a claim for public nuisance on the ground that the plaintiff fell and allegedly injured herself on private property. Therefore, the defendant argues that the plaintiff's complaint fails to state a claim upon which relief may be granted, and the motion to strike must be granted.
The plaintiff argues in opposition to the defendant's motion to strike that the plaintiff fell on a sidewalk abutting the defendant's property, and sidewalks are public property pursuant to General Statutes § 7-148(c)(6)(C). Thus, the second count of the plaintiff's complaint states a valid claim for public nuisance, and the defendant's motion to strike must be denied.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Knight v. F. L. Roberts Co., 241 Conn. 466, 471, 696 A.2d 1249 (1997). In reviewing a motion to strike, the court construes the facts alleged in the complaint in a light most favorable to the pleader. RKConstructors, Inc. v. Fusco Corp. , supra, 231 Conn. 384.
"Public nuisances violate public rights, and produce a common injury, and . . . constitute an obstruction to public rights, that is, the rights by citizens as part of the public." Higginsv. Conn. Light and Power Co., 120 Conn. 606, 611, 30 A.2d 388
(1920). In order to state a valid claim for public nuisance, the plaintiff must allege "that the condition or conduct complained of interfered with a right common to the general public." Doe v.Mannheimer, 212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989).
It is has been widely held that a plaintiff who alleges a claim for public nuisance as a result of a fall on privately CT Page 334 owned property, although held open to public, does not state a valid claim for relief. See Massey v. Mall at Buckland Hills, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531452 (February 4, 1994, Sheldon, J.) (plaintiff's public nuisance claim stricken because no public right to be on defendant's business establishment); Laverty v.The Stop Shop Supermarket, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554032 (October 16, 1996, Hennessey, J.) (plaintiff's fall on mat to entrance of defendant's business establishment did not give rise to claim for public nuisance because no public right to be on property);Anzellotti v. National Amusements, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546129 (February 20, 1996, Hennessey, J.) (plaintiff's public nuisance claim stemming from fall in defendant's business parking lot stricken because no public right to be on property); Smith v.Monitor Management, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 272186 (January 9, 1991, Ballen, J.) (3 Conn. L. Rptr. 167) (plaintiff's public nuisance claim for fall at entrance to shopping mall stricken as no public right to be on property).
Notwithstanding the foregoing, the plaintiff argues that her injuries were caused "while she was stepping onto a sidewalk," and therefore since sidewalks, pursuant to General Statutes §7-148(c)(6)(C)(ii), are "public property" and "are intended for public use," she has sufficiently alleged facts to support her claim for public nuisance. (Pl.'s Mem. p. 2.) For the following reasons, the court rejects the plaintiff's argument.
Essential to the plaintiff's claim for public nuisance is that she fell on property, such as the sidewalk, for which there is a common public right of access. The second count of the plaintiff's complaint, however, states that the she fell "just prior to stepping onto a sidewalk. . . ." (Pl.'s Cmplt, second count, ¶ 4.) Moreover, the plaintiff's complaint alleges that she was caused to fall because of scattered debris, which was "strewn all along the parking lot and curb directly in front of saidsidewalk." (Emphasis added.) (Pl.'s Cmplt, second count ¶ 4.) Consequently, the plain language of the plaintiff's complaint defeats the argument she puts forth her memorandum of law. Specifically, by the plaintiff's own allegation, she did not fall while stepping onto the sidewalk, but rather she fell "just prior to" the sidewalk. Thus, her argument in support of her nuisance claim as a result of a fall on public property is unavailing. CT Page 335
Conversely, the plaintiff does allege that she fell on premises owned and controlled by the defendant. Specifically, the plaintiff alleges that Bristol is the owner and lessor of the mall, and that the defendant "retained control and possession of the common areas, inside and outside said building, including but not limited to sidewalks, pathways, walkways and parking lotsused in common by all business invitees. . . ." (Emphasis added.) (Pl.'s Cmplt ¶ 2.) Consequently, the court finds the aforementioned cases which hold that a plaintiff may not maintain a claim for public nuisance as a result of a fall on privately owned property, although held open to the public, applicable here. See Massey v. Mall at Buckland Hills, supra, Superior Court, Docket No. 531452; Laverty v. The Stop Shop Supermarket, supra, Superior Court, Docket No. 554032.
Accordingly, for the above reasons, the defendant's motion to strike the second count of the plaintiff's complaint is granted.
DAVID W. SKOLNICK, JUDGE