******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# ANTHONY J. MARSHALL III *v.* COMMISSIONER OF MOTOR VEHICLES
## (SC 20703)

Robinson, C. J., and McDonald, Mullins,
Ecker and Dannehy, Js.

*Syllabus*

Pursuant to statute (§ 14-227b (c)), when a person has been arrested for operating a motor vehicle while under the influence of intoxicating liquor or any drug, the arresting officer "shall prepare a report of the incident and shall mail or otherwise transmit . . . the report and a copy of the results of any chemical test [of such person's blood, breath or urine] to the Department of Motor Vehicles within three business days."

Pursuant further to *Volck* v. *Muzio* (204 Conn. 507), an incident report prepared in accordance with § 14-227b (c) is admissible at a motor vehicle operator's license suspension hearing, as an exception to the hearsay rule, without the need for testimony from the arresting officer.

The plaintiff, who had been arrested for operating a motor vehicle while under the influence of intoxicating liquor, appealed to the trial court from the decision of the defendant, the Commissioner of Motor Vehicles, who temporarily suspended the plaintiff's license to operate a motor vehicle. At the plaintiff's license suspension hearing, the plaintiff's attorney objected to the admission of an incident report that was prepared by the arresting officer on the ground that it was not prepared and mailed to the Department of Motor Vehicles within three business days, as required by § 14-227b (c). The arresting officer had not completed the report until five business days after the plaintiff's arrest. The department hearing officer overruled the objection and admitted the report, which was the only evidence submitted at the hearing. On appeal to the trial court from the hearing officer's decision, that court dismissed the appeal, concluding that strict adherence with the preparation and mailing requirement of § 14-227b (c) was not necessary for the report to be admissible because the report bore indicia of trustworthiness and reliability. The Appellate Court affirmed the trial court's judgment, concluding that, because § 14-227b (c) is not accompanied by any negative or prohibitory language, the preparation and mailing requirement is directory, and, therefore, strict compliance with that requirement is not necessary for a report to be admissible at a license suspension hearing. The Appellate Court further determined that there were sufficient indicia of reliability of the report at issue. Accordingly, the Appellate Court held that the hearing officer did not abuse her discretion in admitting the report. On the granting of certification, the plaintiff appealed to this court.

Marshall *v.* Commissioner of Motor Vehicles

*Held* that the hearing officer abused her discretion in admitting an incident
report that did not strictly comply with the preparation and mailing
provision of § 14-227b (c) in the absence of testimony from the arresting
officer, and, accordingly, this court reversed the Appellate Court's judg-
ment and remanded with direction to reverse the trial court's judgment
and to direct the trial court to sustain the plaintiff's appeal:

Contrary to the Appellate Court's conclusion that the preparation and
mailing requirement in § 14-227b (c) is directory, this court concluded
that that requirement was mandatory because, even though the statute
contained no negative or prohibitory language, the substantive nature
of the statutory provision was clear, insofar as it plainly promoted the
accuracy and reliability of the information that ultimately will be used
at a license suspension hearing.

The legislature enacted § 14-277b to protect the public from drivers who
are under the influence by authorizing the temporary revocation of their
operating privileges prior to conviction while also affording them due
process, to achieve that purpose, the legislature authorized the admission
of incident reports at license suspension hearings without the need to
produce the arresting officer, provided that the procedures set forth in
the hearsay exception created by § 14-277b (c) are followed to ensure the
reliability of the information contained in the report, and the legislature
determined that requiring the arresting officer to prepare the report
within three business days, while the officer's recollection of the incident
remains fresh, is an appropriate time frame to imbue the report with
sufficient reliability.

Having concluded that the preparation and mailing requirement of § 14-
227b (c) is mandatory, this court clarified that § 14-227b (c) describes
substantive requirements that incident reports must meet, and the failure
to meet those requirements renders a report inadmissible insofar as it
fails to satisfy the exception for the report to be admitted without the
need to produce the arresting officer at the suspension hearing.

In the present case, it was undisputed that the arresting officer failed
to comply with the three business day requirement prescribed by § 14-
227b (c), the plaintiff's attorney objected to the admission of the report
on the grounds that that requirement was not met and that the arresting
officer was not present at the hearing to offer testimony, and, by admitting
the report without hearing testimony from the arresting officer, the
hearing officer abused her discretion.

Moreover, the Appellate Court's conclusion that an incident report that
fails to strictly comply with § 14-227b (c) nevertheless may be admissible
if it meets some of that provision's requirements was based on that court's

incorrect determination that the preparation and mailing requirement is directory, and, therefore, that conclusion could not stand.

Argued October 27, 2023—officially released April 9, 2024

*Procedural History*

Appeal from the decision of the defendant suspending the plaintiff's motor vehicle operator's license and requiring the installation of an ignition interlock device in the plaintiff's vehicle, brought to the Superior Court in the judicial district of New London and transferred to the judicial district of New Britain, where the case was tried to the court, *Cordani, J.*; judgment dismissing the appeal, from which the plaintiff appealed to the Appellate Court, *Alexander* and *DiPentima, Js.*, with *Prescott, J.*, dissenting, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Reversed*; *judgment directed.*

*Drzislav Coric*, with whom was *Brandon H. Marley*, for the appellant (plaintiff).

*Drew S. Graham*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (defendant).

*Opinion*

MULLINS, J. Connecticut law provides that an incident report prepared in accordance with General Statutes § 14-227b (c)[1] is admissible in an administrative proceeding to suspend a motor vehicle operator's license without the need for testimony from the arresting officer. See *Volck* v. *Muzio*, 204 Conn. 507, 517–18, 529 A.2d 177 (1987). The question presented in this case is

---

[1] Although § 14-227b has been amended since the date of the incident in question; see, e.g., Public Acts 2022, No. 22-40, § 14; Public Acts, Spec. Sess., June, 2021, No. 21-1, § 118; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, unless otherwise indicated, we refer to the current revision of the statute.

whether such a report is nevertheless admissible if the arresting officer fails to comply with the statute's requirement that the officer prepare and mail[2] the report to the Department of Motor Vehicles (department) within three business days of the incident. In answering this question, we are mindful that license suspension hearings are not strictly bound by the rules of evidence and are aimed at expeditiously protecting the public from individuals arrested for driving under the influence of alcohol or drugs prior to any conviction. At the same time, we must be cognizant of the fact that license suspension hearings seek to revoke a privilege, and, thus, the state may not revoke that privilege without furnishing the holder of the license due process as required by the fourteenth amendment to the United States constitution. See, e.g., *Bell* v. *Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); see also, e.g., *Fishbein* v. *Kozlowski*, 252 Conn. 38, 50–51, 743 A.2d 1110 (1999).

Our legislature balanced these concerns in § 14-227b (c) by setting forth the requirements a police report must meet to be used as evidence to suspend an operator's license.[3] We previously have explained that the

---

[2] Section 14-227b (c) requires the police officer to "mail or otherwise transmit" the report to the Department of Motor Vehicles within three business days. For convenience, we use the term "mail" even though the statute provides that the police report may be mailed or electronically transmitted.

[3] The police report typically contains the arresting officer's rendition of the four issues required to prove a license suspension. See General Statutes § 14-227b (g) (2) ("[a] hearing based on a report submitted under subsection (c) of this section shall be limited to a determination of the following issues: (A) [d]id the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or any drug, or both; (B) was such person placed under arrest; (C) did such person (i) refuse to submit to such test or nontestimonial portion of a drug influence evaluation, or (ii) submit to such test, commenced within two hours of the time of operation, and the results of such test indicated that such person had an elevated blood alcohol content; and (D) was such person operating the motor vehicle").

requirements of § 14-227b (c) provide sufficient indicia of reliability such that the report may be introduced into evidence at a license suspension hearing without the need to call the arresting officer. See *Volck* v. *Muzio*, supra, 204 Conn. 517–18. Consistent therewith, we conclude that the failure to comply with the three business day preparation and mailing provision of § 14-227b (c) renders the report inadmissible in the absence of testimony from the arresting officer.

The following facts and procedural history are relevant to this appeal. On July 14, 2019, Jeffrey H. Hewes, an officer with the Stonington Police Department, heard an announcement over the police radio describing a vehicle that had allegedly been involved in a hit-and-run accident. Shortly thereafter, he stopped a vehicle matching that description. Upon approaching the vehicle, Officer Hewes identified the plaintiff, Anthony J. Marshall III, as the driver and observed that his eyes were bloodshot, his speech was slow, and his breath smelled of alcohol. Officer Hewes requested that the plaintiff perform three standardized field sobriety tests, all of which the plaintiff failed.

Officer Hewes then arrested the plaintiff and transported him to police headquarters, where the plaintiff took two breath tests for alcohol. Those tests revealed that the plaintiff had an elevated blood alcohol content. As a result, the plaintiff was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[4] Officer Hewes prepared a report of this incident that consisted of an A-44 form and two attachments—a narrative police report and the results of the plaintiff's

[4] Although § 14-227a has been amended since the date of the incident in question; see Public Acts, Spec. Sess., June, 2021, No. 21-1, §§ 116 and 117; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

breath tests.[5] Officer Hewes initially entered the narrative police report on July 15, 2019. He later modified, completed, signed, and dated the report on July 19, 2019—five business days after the plaintiff's arrest. The department did not receive the report until July 23, 2019.

On August 9, 2019, a department hearing officer held an administrative hearing to determine whether the plaintiff's license to operate a motor vehicle should be suspended pursuant to § 14-227b. At the hearing, the plaintiff's attorney objected to the admission of the report on the ground that it was not prepared and mailed to the department within three business days, as required by § 14-227b (c). The hearing officer summarily overruled the objection and admitted the report, which was the only evidence submitted at the hearing.

Solely on the basis of the report, the hearing officer found that the four issues necessary to support a license suspension were satisfied, namely, (1) Officer Hewes had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor, (2) the plaintiff was arrested, (3) the plaintiff submitted to breath tests for alcohol, which indicated that he had an elevated blood alcohol content, and (4) the plaintiff was operating the motor vehicle. See General Statutes § 14-227b (g) (2). Accordingly, on the basis of the hearing officer's findings, the defendant, the Commissioner of Motor Vehicles (commissioner),

---

[5] An A-44 form is a form used by the police to report an arrest related to the operation of a motor vehicle while under the influence of intoxicating liquor or drugs. See *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 655 n.4, 200 A.3d 681 (2019). With respect to the narrative and the breath test results, § 14-227b-10 (b) of the Regulations of Connecticut State Agencies provides in relevant part that "[a]dditional statements or materials necessary to explain any item of information in the report may be attached to the report" and "shall be considered a part of the report . . . ."

Thus, we consider the A-44 form and its two attachments to collectively constitute the "report," as referenced in General Statutes § 14-227b (c) and § 14-227b-19 (a) of the Regulations of Connecticut State Agencies.

suspended the plaintiff's license to operate a motor vehicle for forty-five days and required the installation of an ignition interlock device in his vehicle for six months.

Thereafter, the plaintiff appealed from the commissioner's decision to the Superior Court pursuant to the Uniform Administrative Procedure Act (UAPA). See General Statutes § 4-183. In that appeal, the plaintiff argued that the hearing officer abused her discretion by admitting the report into evidence because the report did not comply with the preparation and mailing requirement of § 14-227b (c). The plaintiff further argued that, because the improperly admitted report was the only evidence submitted at the administrative hearing, there was not substantial evidence on which to base the suspension of his license. The trial court rejected the plaintiff's arguments, concluding that adherence to the preparation and mailing requirement of § 14-227b (c) is not necessary for the report's admissibility, so long as the report is "reasonably found to bear indicia of trustworthiness and reliability." Therefore, the trial court dismissed the plaintiff's appeal.

The plaintiff appealed to the Appellate Court, again claiming that the report was improperly admitted because the police had failed to comply with the statutory preparation and mailing requirement. See *Marshall* v. *Commissioner of Motor Vehicles*, 210 Conn. App. 109, 111, 269 A.3d 816 (2022). In a divided decision, the Appellate Court affirmed the judgment of the trial court. Id., 121. The majority concluded that, because § 14-227b (c) is not accompanied by any negative or prohibitory language, the preparation and mailing requirement is directory. See id., 117–18. As such, it determined that strict compliance with the preparation and mailing provision of § 14-227b (c) is not necessary for a report to be admissible at a hearing to suspend an operator's license. See id., 116–18. The majority further reasoned that there

were sufficient indicia of reliability to ensure that the report was both reliable and trustworthy, and, thus, the hearing officer did not abuse her discretion in admitting it. Id., 120–21.

In his dissenting opinion, Judge Prescott concluded that, in the absence of testimony by the author of the report, a police report is not admissible if it fails to comply with the strictures of § 14-227b (c). Id., 129 (*Prescott, J.*, dissenting). Because the report was prepared five days after the incident, Judge Prescott would have concluded that it was inadmissible absent testimony from the arresting officer. See id., 122–23, 129 (*Prescott, J.*, dissenting). This appeal followed.[6]

We begin by articulating the applicable standard of review. "This court reviews the trial court's judgment pursuant to the . . . UAPA . . . . Under the UAPA, it is [not] the function . . . of this court to retry the case or to substitute its judgment for that of the administrative agency. . . . Even for conclusions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is . . . involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when [as here] a state agency's determination of a question of law has

---

[6] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly determine that a [d]epartment . . . hearing officer conducting a motor vehicle operator's license suspension hearing had the discretion to admit into evidence an A-44 form and its attachments, including a narrative police report, notwithstanding the fact that the form and attachments were neither prepared nor mailed to the [c]ommissioner . . . in compliance with the timelines set forth in . . . § 14-227b (c) and the fact that the officer preparing the form and the attachments was not present for cross-examination?" *Marshall* v. *Commissioner of Motor Vehicles*, 342 Conn. 912, 272 A.3d 198 (2022).

not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] a governmental agency's time-tested interpretation . . . . [Thus] [t]he issue of statutory interpretation presented in this case is a question of law subject to plenary review."[7] (Citations omitted; internal quotation marks omitted.) *Commissioner of Emergency Services & Public Protection* v. *Freedom of Information Commission*, 330 Conn. 372, 379–80, 194 A.3d 759 (2018).

Beginning with the language of the statute, as required by General Statutes § 1-2z, we observe that § 14-227b (c) provides in relevant part: "The police officer shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report and a copy of the results of any chemical test to the Department of Motor Vehicles within three business days. The report shall contain such information as prescribed by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. . . . The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for a violation of section 14-227a . . . ."

By the express terms of § 14-227b (c), the report shall be prepared and mailed to the department within three business days. It is well established that "the use of the word shall, though significant, does not invariably

---

[7] We note that the commissioner does not argue that the interpretation of the department's hearing officer is entitled to deference as a governmental agency's time-tested interpretation.

create a mandatory duty." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Ins. Co. of the State of Pennsylvania*, 314 Conn. 749, 757, 104 A.3d 713 (2014). "[T]he test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially [when] the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) *Strand/BRC Group, LLC* v. *Board of Representatives*, 342 Conn. 365, 384–85, 270 A.3d 43 (2022).

It is true, as the Appellate Court pointed out, that the legislative language at issue here is stated in affirmative terms, unaccompanied by any negative or prohibitory words. See *Marshall* v. *Commissioner of Motor Vehicles*, supra, 210 Conn. App. 117. The absence of such language, however, is not dispositive, particularly when the substantive nature of the statutory provision is clear. See *Strand/BRC Group, LLC* v. *Board of Representatives*, 342 Conn. 387 (concluding that certain requirements in provision of city charter were mandatory despite lack of negative or prohibitory language because substantive nature of requirements was clear); *Blake* v. *Meyer*, 145 Conn. 612, 616, 145 A.2d 584 (1958) ("[i]t is clear that the provision under consideration is mandatory, not merely directory, even in the absence of prohibitory or negative language"). We find that, despite the absence of negative or prohibitory language in § 14-227b (c), the substantive nature of the provision is clear because it plainly promotes "the essence of the thing to be accomplished"; (internal quotation marks omitted)

*Strand/BRC Group, LLC* v. *Board of Representatives*, supra, 384–85; namely, the accuracy and reliability of the information that will be used at the license suspension hearing.[8]

We arrive at this conclusion by first looking at what the legislature intended with respect to § 14-227b in general and subsection (c) in particular. In doing so, we do not write on a clean slate. We previously have explained that, in drafting § 14-227b, the legislature intended "to protect the public by temporarily revoking, prior to conviction, the operating privileges of those who have demonstrated a reckless disregard for the safety of others, while at the same time providing procedures to afford due process to those [who] come within its ambit." *State* v. *Hickam*, 235 Conn. 614, 626, 668 A.2d 1321 (1995) (overruled on other grounds by *State* v. *Crawford*, 257 Conn. 769, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002)), cert. denied, 517 U.S. 1221, 116 S. Ct. 1851, 134 L. Ed. 2d 951 (1996); see also *Fishbein* v. *Kozlowski*, supra, 252 Conn. 50. To achieve these purposes, the legislature permitted the admission of police reports at the license suspension hearing without the need to produce the arresting officer, provided that certain procedures are followed to ensure the reliability of the information contained in the report.

---

[8] The Appellate Court has addressed the admission of reports that did not strictly comply with the preparation and mailing requirement. See, e.g., *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 710 and n.6, 711–12 n.8, 692 A.2d 834 (1997) (upholding admission of report that was mailed to department four days after plaintiff's arrest); see also, e.g., *Packard* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of New London, Docket No. KNL-CV-90-0514307-S (September 18, 1991) (5 Conn. L. Rptr. 5, 7) (upholding admission of report that was not mailed to department within three business days), aff'd, 29 Conn. App. 923, 616 A.2d 1177 (1992); *Peters* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 701413 (July 11, 1991) (4 Conn. L. Rptr. 301, 301) (same), aff'd, 26 Conn. App. 937, 601 A.2d 1 (1992). However, this court has never squarely addressed the issue. Now that we do, we conclude that the preparation and mailing provision is mandatory.

Section 14-227b (c) provides those procedures by describing the specific information that must be contained in the report, and that information is both detailed in nature and crucial to the determination that must be made in the license suspension hearing. The provision requires that the arresting officer not only mail the report within three business days, but also *prepare* the report within that time frame, while the officer's recollection of the incident remains fresh. Our law recognizes that time is a key indicator of the reliability, and subsequent admissibility, of evidence. See, e.g., E. Prescott, Tait's Handbook of Connecticut Evidence (6th Ed. 2019) § 8.4.2 (b) (1), p. 507 ("[s]tatements are frequently admitted under an exception when made while observing events or shortly thereafter because there is little time to forget or little opportunity to prevaricate or fabricate"). Statements are often admitted under a hearsay exception when they are made temporally near the event. See, e.g., *Calcano* v. *Calcano*, 257 Conn. 230, 240, 777 A.2d 633 (2001) (business records are admissible only if made "at the time of the act described . . . or within a reasonable time thereafter" (internal quotation marks omitted)); *Gigliotti* v. *United Illuminating Co.*, 151 Conn. 114, 124, 193 A.2d 718 (1963) (written statement is admissible as past recollection recorded only if "made at or about the time of the events"); *Martin* v. *Sherwood*, 74 Conn. 475, 482, 51 A. 526 (1902) (statements about then existing physical condition are admissible, but statements regarding past conditions are inadmissible).

Here, the legislature determined that the appropriate time frame to imbue the report with sufficient reliability is three business days. So long as the preparation and mailing requirement is met, the report is automatically admissible in a license suspension proceeding without any further inquiry into its reliability for admission. See

*Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 668–69, 200 A.3d 681 (2019).

Additionally, preparation of the report, by the terms of the statute, must include both the results of any blood, breath or urine test and the basis for probable cause; see General Statutes § 14-227b (a) and (c); which are two of the four issues that must be established at a license suspension hearing. See General Statutes § 14-227b (g) (2). Thus, those issues and their timely preparation and subsequent mailing go to the essence of the license suspension hearing. Consequently, the preparation and mailing requirement in § 14-227b (c) is mandatory, despite the lack of negative or prohibitory language. See *Strand/BRC Group, LLC* v. *Board of Representatives*, supra, 342 Conn. 387.

This very point underlies our decision in *Volck*, in which this court stated that "[s]ubsection (c) was added to § 14-227b . . . when the issues related to license suspension were removed from the criminal setting and transferred . . . to the department . . . for administrative determination. . . . Its evident purpose is to provide sufficient indicia of reliability so that the report can be introduced [into] evidence *as an exception to the hearsay rule*, especially in license suspension proceedings, *without the necessity of producing the arresting officer*." (Emphasis added; citation omitted.) *Volck* v. *Muzio*, supra, 204 Conn. 517–18.

Furthermore, this court has previously noted that "§ 14-227b-19 (a) of the Regulations of Connecticut State Agencies, which has the force and effect of a statute . . . provides in clear and straightforward terms that a police officer's report concerning the arrest of a drunk driving suspect shall be admissible into evidence at [a license suspension] hearing *if* it conforms to the requirements of subsection (c) of [§] 14-227b . . . ." (Citation omitted; emphasis altered; internal

quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668.

Thus, the statutory language, the purpose of the statute, and the applicable regulations demonstrate that the legislature intended for the report to meet the requirements of § 14-227b (c) before the report could be automatically admissible, thereby providing a regulatory scheme to remove reckless drivers from the road expeditiously while also affording the operator the necessary due process. Permitting the admission of the report without the need for police officer testimony accomplishes that legislative aim. Requiring the arresting officer to be present at a license suspension hearing to establish a report's reliability and admissibility would substantially slow the process and interfere with the legislative goal of quickly protecting the public from intoxicated drivers—hence, the creation of § 14-227b (c) and the automatic admissibility of a report that is in compliance therewith without the need for an arresting office's presence.

The issue posed by the present case, however, is whether the failure to comply with the preparation and mailing requirement of § 14-227b (c) renders the report inadmissible in a license suspension hearing. Because we have now determined that the requirement is mandatory, we conclude that, in the absence of the testimony of the arresting officer, it does. Although this court has not directly addressed whether a report may be admissible even if it does not comply with the preparation and mailing requirement of § 14-227b (c), on two occasions, we have suggested that the failure to meet the requirements of the provision would be a basis to exclude a report from admission into evidence at a license suspension hearing, unless the arresting officer testifies.

First, in *Volck*, the plaintiff refused to submit to a blood, breath or urine test that would help determine

whether he had been operating a motor vehicle while under the influence of intoxicating liquor or drugs. See *Volck* v. *Muzio*, supra, 204 Conn. 508–509. Under those circumstances, General Statutes (Rev. to 1987) § 14-227b (c) required that a report be endorsed by a third person who witnessed the refusal. See id., 516; see also General Statutes (Rev. to 1987) § 14-227b (c) ("[i]f the person arrested refuses to submit to such test or analysis . . . a written report of such refusal . . . shall be endorsed by a third person who witnessed such refusal"). The report at issue did not include that third person's endorsement. *Volck* v. *Muzio*, supra, 509–10, 516. We noted that "[t]he absence of the endorsement of a third person who witnessed the [plaintiff's] refusal of testing *would have rendered* [*the police officer's*] *report inadmissible if the plaintiff had objected thereto*. No objection was raised, however, to its use at the license suspension hearing." (Emphasis added.) Id., 518. Because there was no objection, the report was properly considered like any unobjected to hearsay evidence. Id. We further explained that "[t]he restriction of the license suspension hearing to the four issues contained in [what is now § 14-227b (g) (2)] indicates that compliance with [§ 14-227b (c)] was not intended to be a prerequisite for a suspension." Id., 517.

Second, more recently, in *Do*, in which the police report satisfied all of the statutory requirements of § 14-227b (c), but the report itself contained several significant factual errors, the plaintiff claimed that the discrepancies rendered the report unreliable despite its compliance with the statute. See *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 655–56. Again, even though compliance with the admissibility requirements of § 14-227b (c) was not the issue, in addressing whether a police report with internal inconsistencies bearing on the report's reliability was nevertheless admissible, we noted that subsection (c) sets forth "admissibility

requirements"; id., 668; and that "[n]either this court nor the Appellate Court has ever recognized any basis for excluding a police report from evidence at a license suspension hearing *other than the failure to comply with § 14-227b (c)*. Indeed, we consistently have rejected claims that a report should be excluded for *any other reason.*" (Emphasis added.) Id., 669.

We now make clear what we suggested in *Volck* and *Do*. That is, § 14-227b (c) describes substantive requirements that police reports must meet, and the failure to meet those requirements renders a report inadmissible because it fails to satisfy the exception for the report to be admitted without the need to produce the arresting officer at the license suspension hearing. The provision serves an "obvious and important purpose"; *Strand/ BRC Group, LLC* v. *Board of Representatives*, supra, 342 Conn. 380; namely, to hasten the speed with which unsafe drivers can be removed from the road without posing due process concerns to the formal dispossession of an operator's license. The provision is thus substantive and mandatory, and the failure to comply with it means that the report has not met the requirements for admissibility.

Consequently, a report that does not comply with the hearsay exception created by § 14-227b (c) cannot be admitted into evidence without producing the arresting officer. We acknowledge that a license suspension hearing is limited to the four issues identified in § 14-227b (g) (2) and that compliance with subsection (c) was not intended to be a prerequisite to proving those elements. See *Volck* v. *Muzio*, supra, 204 Conn. 517; see also *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 674–75. Our conclusion today that a report is inadmissible if it fails to comply with § 14-227b (c) is not inconsistent with the fact that license suspension hearings are limited to the four inquiries of § 14-227b (g) (2). Rather, we point out that § 14-227b (c) speaks

not to the proof necessary to support a license suspension but, rather, to the admissibility requirements of a report used to prove the four issues identified in § 14-227b (g) (2). In other words, compliance with subsection (c) is not a prerequisite for license suspension, but it is a procedural hurdle that must be cleared if the report is the means by which the four inquiries are sought to be proven.

Turning now to the present case, we note that the arresting officer did not complete the report until he signed and dated it five business days after the plaintiff's arrest. It is undisputed that the arresting officer failed to comply with the three business day preparation and mailing requirement of § 14-227b (c). The plaintiff's attorney objected to the admission of the report on that ground. The hearing officer simply overruled the objection and admitted the report without hearing testimony from the arresting officer. Because the report failed to satisfy the preparation and mailing requirement, we conclude that the hearing officer abused her discretion by admitting the noncompliant report without the testimony of the arresting officer.

Although the Appellate Court concluded that the report was admissible because there were other indicia of reliability; see *Marshall* v. *Commissioner of Motor Vehicles*, supra, 210 Conn. App. 120; we disagree that a report that fails to comply with § 14-227b (c) is nevertheless admissible. Specifically, the Appellate Court concluded that, because the report met some of the requirements of § 14-227b (c)—in particular, the arresting officer signed the report, set forth the grounds for his belief that there was probable cause to arrest the plaintiff, and stated that the plaintiff had submitted to breath tests—the report was sufficiently reliable to be admissible, even though it was not in strict compliance with subsection (c). Id., 120–21. That conclusion was based on the Appellate Court's determination that the prepara-

tion and mailing requirement is directory. Id., 118. However, in light of our determination that the requirements of subsection (c) are mandatory, this conclusion, which allows a report to be admissible if it meets *some* of the requirements of § 14-227b (c), cannot stand. Accordingly, we conclude that a report must comply with the preparation and mailing requirement of § 14-227b (c) to be admitted without the necessity of producing the arresting officer.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to the trial court with direction to sustain the plaintiff's appeal.

In this opinion the other justices concurred.